SIXTH DIVISION

March 22, 2002

No. 1-01-3386

DEACON CLARENCE BROWNLOW, DISTRICT ELDER CHESTER HUDSON, ELDER EUGENE PRICE and SISTER LONCIE MCCRAY,

Plaintiffs-Appellees,

v.

BISHOP A.C. RICHARDS, MARCENIA J. RICHARDS, LELA WALKER, MARIE OLIVER, MICHAEL MORRIS and A.C. RICHARDS, JR.,   

Defendants-Appellants. 

________________________________________________

LIVING WITNESSES OF THE APOSTOLIC FAITH, INC., 

Intervenor and Plaintiff-Appellee,

v.

BISHOP A.C. RICHARDS, MARCENIA J. RICHARDS, LELA WALKER, MARIE OLIVER, MICHAEL MORRIS and A.C. RICHARDS, JR.,

Defendants-Appellants.

))))))))))))

)

))

)

))))))))))

Appeal from the

Circuit Court of

Cook County

Honorable

John K. Madden, 

Judge Presiding.

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court: 

This appeal involves a dispute over control of the Bethlehem Healing Temple Church in Chicago and its non-profit corporation, Bethlehem Healing Temple Church, Inc. (hereinafter Bethlehem and Bethlehem, Inc.).  Because we find that the trial court lacked jurisdiction to enter its orders of September 7 and September 13, we vacate those orders.     

The record on appeal establishes the following facts.  At the time the litigation began, Bishop A.C. Richards served as Bethlehem's pastor.
  In June 2001, several church members filed a complaint against Richards for an "emergency temporary injunction," claiming that Richards "failed and refused to account to the membership" for offerings and other funds contributed to Bethlehem and "resisted the legitimate efforts of the [church members] to institute policies of fiscal responsibility" and to determine Richards' successor as pastor.
  The members sought an injunction against Richards ordering him, 
inter alia
, to turn over bank records in which Bethlehem funds were deposited and to provide an accounting of all funds contributed to Bethlehem by the membership and other sources.  The trial court froze Bethlehem, Inc.'s bank accounts and limited the distributions from those accounts.  

Richards moved for involuntary dismissal of the complaint pursuant to sections 2-619(a)(1) and (a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(1), (a)(9) (West 2000)), contending
 that the members were actually deacons and trustees of Bethlehem, not board members, and that they therefore lacked standing.  In addition, Richards argued that he and the board were properly in control of Bethlehem, Inc., and its assets and that 
the court lacked jurisdiction over a religious dispute such as who should be Bethlehem's pastor.  In a memorandum attached to Richards' motion, he stated that Bethlehem's current board was elected at an annual meeting on July 11, 2000.     

An amended complaint was filed by Clarence Brownlow, a deacon of Bethlehem, Chester Hudson, a district elder, Eugene Price, a church elder, and Loncie McCray, a minister of the church (to whom we refer collectively as plaintiffs) against Richards, Marcenia J. Richards, Lela Walker, Marie Oliver, Michael Morris and A.C. Richards, Jr. (defendants).  Plaintiffs contended that no church members received notice of the July 11 meeting and that the constitution and bylaws passed at that meeting were invalid because they violated Bethlehem, Inc.'s articles of incorporation.  Plaintiffs requested that an annual meeting be held on July 11, 2001, to elect the board of directors of Bethlehem, Inc., and that Richards or defendants give an accounting of funds received and disbursed through Bethlehem, Inc., for the past 10 years.  On June 22, the trial court entered an agreed order postponing the 2001 annual meeting and ordering that all funds received, other than church service collections, be recorded in writing and placed in a separate bank account, to be withdrawn only with the approval of counsel or by court order.

On July 2, defendants moved for dismissal under section 2-619, asserting that the trial court lacked jurisdiction to resolve a religious dispute, that defendants were properly in control of Bethlehem, Inc., and that plaintiffs lacked standing.  Defendants also argued that plaintiffs' claim was barred by the doctrine of laches because Bethlehem, Inc., had functioned without corporate members for more than 20 years and plaintiffs had never objected before to the church's system of governance
.  On July 26, after hearing argument, the trial court entered an order granting defendants' section 2-619 motion "in all respects" and dismissing plaintiffs' action with prejudice.  On August 24, plaintiffs filed a notice of appeal from that judgment.

On August 31, defendants brought a motion to compel plaintiffs "to account for and return church property," stating that although the June 22 agreed order was effectively vacated upon the dismissal of plaintiffs' action, plaintiffs had not yet relinquished Bethlehem's assets.  According to the motion, altercations occurred during August 12 and August 26 church services in which plaintiffs threatened Marcenia J. Richards, forced Oliver from the pulpit and took control of the service.
(footnote: 1)  Defendants asked the court to compel plaintiffs to provide a full accounting and return all church assets, property and records in their possession.  

On September 6, plaintiffs responded to the motion, claiming that "circumstances [at Bethlehem] have changed dramatically since the entry of the dismissal order" and that the Living Witnesses of the Apostolic Faith, Inc., (LWAF) had "terminated" Richards from the office of Presiding Bishop.
(footnote: 2)  Moreover, plaintiffs contended, the trial court lacked jurisdiction to hear defendants' emergency motion because plaintiffs had filed a notice of appeal regarding the dismissal of their amended complaint, thus vesting jurisdiction in this court.  

On September 7, the trial court heard argument regarding defendants' August 31 motion, after which the court entered an order appointing a receiver "with immediate control over all church funds and to perform a full accounting and pay all church obligations and bills," subject to further conditions set out in the order.  The trial court also 
froze all accounts in Bethlehem's name and "any and all accounts containing funds raised on church premises or otherwise under its names or auspices" and ordered all parties to "provide a full and complete accounting of all church funds, including those raised or obtained under church auspices or in its name to the [r]eceiver."  

In addition, the trial court allowed LWAF, whose counsel at the hearing presented a petition to intervene in the case, to intervene "for the limited purpose of resolving ownership of church funds, as defined, herein ***" and stated that "LWAF [] is subject to this [o]rder in its entirety."  The court also held defendants' motion to compel was "entered and continued generally" and set the matter for status on September 13 "at which time the court will determine whether the receiver's payment of church obligations will include church payroll and when and where the accountings shall be delivered to the receiver." 

On September 10, defendants filed a motion asking the court to reconsider its appointment of a receiver, arguing that such action was not sought in defendants' motion to compel or any other motion before the court and was beyond the court's jurisdiction.  Defendants also asserted that the court improperly allowed LWAF to intervene after the court had entered a final judgment dismissing the case.
  Defendants asked the court to vacate its September 7 order in its entirety.

On September 13, the trial court denied defendants' motion to stay the September 7 order, took under advisement defendants' motion to reconsider the September 7 order, confirmed the appointment of a receiver, and continued defendants' motion to compel the return of assets.  Defendants timely filed this interlocutory appeal from the September 7 and September 13 orders.

In this appeal, defendants contend that the trial court lacked jurisdiction to enter the September 7 and September 13 orders after dismissing the suit on July 26 and after plaintiffs filed a notice of appeal.  Defendants also argue that the trial court failed to follow proper procedures for the appointment of a receiver and erred in permitting LWAF's intervention after final judgment had been entered.
 

In order to be appealable, an order must be final and must terminate the litigation between the parties, unless the Supreme Court Rules provide another avenue of appeal.  
Daley v. License Appeal Commission of City of Chicago
, 311 
Ill. App. 3d
 194, 200, 724 
N.E.2d 
214, 219 (1999).  Here, the dismissal of plaintiffs' amended complaint pursuant to section 2-619 was a final order terminating the litigation, and plaintiffs' appeal of that dismissal is in the briefing stage before another division of this court as case No. 1-01-3164.

Our jurisdiction to hear the instant appeal is based upon Supreme Court Rules 307(a)(1), (a)(2), (a)(3) and (a)(5) (188 
Ill. 2d
 Rs. 307(a)(1), (a)(2), (a)(3) and (a)(5)), which allow appeals from certain interlocutory orders involving injunctions and receivers.  The filing of a notice of appeal divests the trial court of jurisdiction to enter further orders of substance in a cause and transfers jurisdiction to the appellate court 
instanter
.  
R.W. Dunteman Co. v. C/G Enterprises, Inc.
, 181 
Ill. 2d
 153, 162, 692 
N.E.2d 
306, 312 (1998).  Thereafter, the trial court cannot enter an order that would modify the judgment or its scope, though the court retains jurisdiction to determine matters collateral or incidental to the judgment, such as applications for deposition costs.  See 
Hartford Fire Insurance Co. v. Whitehall Convalescent and Nursing Home, Inc.
, 321 
Ill. App. 3d
 
879, 887, 748 
N.E.2d 
674, 681 (2001); 
Physicians Insurance Exchange v. Jennings
, 316 
Ill. App. 3d
 443, 453, 736 
N.E.2d 
179, 187 (2000).  See also 
John G. Phillips & Associates v. Brown
, 197 
Ill. 2d
 337, 340, 757 
N.E.2d 
875, 877 
(2001).

Following plaintiffs' August 24 notice of appeal, defendants revived the case in the trial court through their August 31 motion seeking further relief in retaining Bethlehem's assets.  In response, the trial court
 froze Bethlehem's accounts, appointed a receiver 
to perform an accounting of church funds and allowed LWAF to intervene in the case.  We recognize that the actions of the trial court that led to this appeal purportedly were taken in response to defendants' request for immediate relief.  
However, 
in 
previously granting defendants' section 2-619 motion to dismiss plaintiffs' complaint, the trial court essentially held that plaintiffs could prove no set of facts that would support a cause of action against defendants.  See 
Landau, Omahana & Kopka Ltd. v. Franciscan Sisters Health Care Corp.
, 323 
Ill. App. 3d
 487, 492, 752 
N.E.2d 
570, 573 (2001).  
The trial court's subsequent actions improperly reopened the question of control over Bethlehem's funds and its church services. 

Because the September 7, 2001, and September 13, 2001, orders were not collateral or incidental to the judgment but instead revisited the central issue of Bethlehem's rightful governance, which already had been decided and appealed to this court, the trial court lacked jurisdiction to enter those orders.  Accordingly, we vacate those orders.

Orders vacated.

BUCKLEY and O'BRIEN, JJ., concur.

FOOTNOTES
1: Richards died on August 9 and was succeeded as pastor by his daughter, Marcenia J. Richards.
  

2: 
According to the record, the pastor of each LWAF-affiliated church is appointed and removed by the Presiding Bishop, not by the members of the local congregation.