SIXTH DIVISION

June 28, 2002
 

No. 1-01-3026

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County

)

) 

)

DONNA KOLZOW, ) 

) Honorable

Defendant-Appellant. ) Themis N. Karnezis,

) Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a bench trial, defendant Donna Kolzow was convicted of involuntary manslaughter for the death of her three-month-old son, who died of heat stroke after she left him unattended in a car for several hours.  She was sentenced to three years' probation, with the conditions of counseling and six months in Cook County jail.  This court affirmed defendant's conviction and sentence on direct appeal in 
People v. Kolzow
, 301 Ill. App. 3d 1, 9
 (1998) (
Kolzow
 I).  Defendant subsequently served four months of her six-month jail term and then filed a motion seeking early release based on her good behavior pursuant to section 3 of the County Jail Good Behavior Allowance Act (730 ILCS 130/3 (West 1998)).  The trial court denied her motion, but released her on "I bond" pending the outcome of her subsequent appeal of its denial.  On November 2, 2000, while defendant was out on bond and her appeal of the trial court's order denying her early release was pending in this court, her case arose in the trial court on the return date for termination of probation, and the trial court entered an order terminating her probation.  The report of proceedings from that date does not indicate that the trial court was aware that there was an appeal pending before this court at that time.  Approximately three months later, on February 26, 2001, this court affirmed the trial court's previous 
denial of defendant's motion seeking early release and ordered that defendant "should resume serving her sentence."  
People v. Kolzow
, 319 Ill. App. 3d 673, 682 (2001) (
Kolzow
 II).  After the mandate was issued pursuant to our decision in 
Kolzow
 II, defendant filed a motion to bar her incarceration, contending the trial court could not comply with our mandate because it lost jurisdiction over her case when her probation was terminated.  At the hearing on her motion, the trial court ruled that our mandate was to stand and entered an order denying defendant's motion to bar her incarceration.  The order, however, allowed defendant to remain free on bond pending the outcome of her appeal of the denial of her motion.  Defendant now appeals that denial, reasserting her contention that the trial court could not require her to resume serving the sentence pursuant to our mandate because it lost jurisdiction over her case upon terminating her probation.  The State responds that regardless of whether the trial court's order terminating defendant's probation was valid, it had jurisdiction to comply with our mandate because defendant's jail term was an "independent condition" of her probation which remained enforceable after her probation was terminated.  

The State does not address whether the trial court lacked jurisdiction to terminate defendant's probation.  We, however, find this issue dispositive of the instant appeal and therefore address it 
sua
 
sponte
.  See 
People v. Bounds
, 182 Ill. 2d 1, 3 (1998) (
sua
 
sponte
 addressing trial court's jurisdiction to rule on defendant's motion for reconsideration of dismissal of post-conviction petition); see also 
People v. Arna
, 168 Ill. 2d 107, 113 (1995) (reviewing court authorized to 
sua
 
sponte
 increase defendant's sentence on appeal because sentence was void and could therefore be corrected at any time).

The filing of a notice of appeal transfers jurisdiction to the appellate court 
instanter
 and simultaneously divests the trial court of jurisdiction to enter additional orders of substance in a case
.  
Bounds
, 182 Ill. 2d at 3; 
People v. Carter
, 91 Ill. App. 3d 635, 638 (1980); 
Brownlow v. Richards
, 328 Ill. App. 3d 833, 836-37 (2002)
.  Thereafter, the trial court may not enter an order that would modify the order or judgment being appealed or have the effect of interfering with the appellate court's review of it.  
People v. I.W.I., Inc.
, 176 Ill. App. 3d 951, 958 (1988); 
Brownlow
, 328 Ill. App. 3d at 837.  However, the trial court does retain jurisdiction to determine matters, such as applications for deposition costs, that are collateral or incidental to the judgment being appealed.  
Brownlow
, 328 Ill. App. 3d at 837.  

Any order or judgment entered by a trial court without jurisdiction is void and may be attacked at any time.  
People v. Davis
, 156 Ill. 2d 149, 155 (1993); 
In re Marriage of Mitchell
, 181 Ill. 2d 169, 174 (1998); 
People v. Hall
, 291 Ill. App. 3d 411, 416 (1997).  "A void judgment, order or decree of a court will be reversed on appeal whenever brought before the court by any means possible in the particular case."   
People v. Magnus
, 262 Ill. App. 3d 362, 365 (1994).  Our duty to vacate void judgments, orders, and decrees "is based upon the inherent power of the court to expunge from its records void acts of which it has knowledge."  
Magnus
, 262 Ill. App. 3d at 365.

In the instant case, the trial court entered an order denying defendant's motion seeking early release but allowing her to remain free on bond pending the outcome of her appeal of that order.  Plaintiff subsequently filed a notice of appeal indicating her intent to appeal that order.  The filing of this notice of appeal operated to transfer jurisdiction to this court and to divest the trial court of jurisdiction to enter any additional orders of substance.  See 
Bounds
, 182 Ill. 2d at 3; 
Carter
, 91 Ill. App. 3d at 638.  Despite the filing of this notice of appeal, the trial court entered an order terminating defendant's probation while her appeal was still pending before this court
.  This order released defendant from any obligation to serve further time in jail and thus disposed of the very issue she had invoked our jurisdiction to review via her appeal of the trial court's previous order denying her motion seeking early release.  
The rule that the filing of a notice of appeal divests the trial court of jurisdiction to enter additional orders of substance in a case obviously aims to preserve judicial resources
 by ensuring that trial courts and courts of review do not needlessly expend time and energy simultaneously reviewing the same or related issues in a case.  To disregard the applicability of that rule in the instant case would undermine its purpose by condoning the simultaneous pursuit of the same relief 
- early release from jail - in both the trial court and the appellate court.  Accordingly, because the probation termination order effectively modified the order already under review by this court in 
Kolzow
 II, we hold that it was entered without jurisdiction and vacate it as void.  

Defendant's sole argument in her instant appeal of the trial court's order denying her motion to bar incarceration is that the trial court lacked jurisdiction to enter that order.   Defendant bases this argument on the mistaken assumption that the trial court's order terminating her probation was valid and therefore extinguished its jurisdiction to enter any further orders.  Contrary to defendant's contention, the trial court had jurisdiction to comply with the mandate issued pursuant to our decision in 
Kolzow
 II and properly found, in denying defendant's motion to bar her incarceration, that it was bound by that mandate.  See 
Bond Drug Co. of Illinois v. Amoco Oil Co.
, 323 Ill. App. 3d 190, 196 (2001) (trial court has a positive duty to follow unambiguous directives in mandate issued by reviewing court); see also 
People v. Melka
, 319 Ill. App. 3d 431, 438 (2000) (noting that trial court orders entered outside the scope of appellate court mandate are void).

Accordingly, for the foregoing reasons, we direct the clerk of the circuit court to vacate the trial court's order terminating defendant's probation and affirm the trial court's order denying defendant's motion to bar her incarceration.

Affirmed.

GALLAGHER, P.J., and O'BRIEN, J., concur.