NO. 4-02-0892

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

           Plaintiff-Appellee,

           v.

MICHAEL SLOVER, JR., MICHAEL SLOVER, SR., and JEANETTE SLOVER,

           Defendants-Appellants.

)

)

)

)

)

)

)

)

  Appeal from

  Circuit Court of 

  Macon County

  No. 00CF140

  Honorable

  John K. Greanias­,

  Judge Presiding.

______________________________________________________________

JUSTICE TURNER delivered the opinion of the court:

In May 2002, a jury convicted defendants, Michael Slover, Jr., Michael Slover, Sr., and Jeanette Slover, of the first degree murder of Karen Slover.  Michael, Jr., and Michael, Sr., were also convicted of concealment of a homicidal death.  All three defendants were sentenced to prison and filed a notice of appeal with this court.  In September 2002, the State filed a motion to release defense exhibits for scientific testing.  The trial court granted the motion and found no just reason for delaying the appeal.

On appeal, defendants argue the trial court had no jurisdiction to order testing of defense exhibits because those exhibits are part of the record on appeal.  The State argues defendants' appeal must be dismissed because the trial court's order did not constitute a final order or judgment from which defendants could appeal.  We affirm.

I. BACKGROUND

In May 2002, a jury convicted defendants Michael Slover, Jr., and his parents, Michael Slover, Sr., and Jeanette Slover, of the first degree murder of Michael, Jr.'s former wife, Karen Slover.  Michael, Jr., and Michael, Sr., were also convicted of concealment of a homicidal death.  In June 2002, the trial court sentenced all three defendants to 60 years' imprisonment.  Michael, Jr., and Michael, Sr., also received five-year prison sentences for their convictions of concealment of a homicidal death.  In July 2002, defendants filed motions to reduce their sentences, which the trial court denied.  Thereafter, defendants filed a notice of appeal (No. 4-02-0587).

In September 2002, the State filed a motion, naming all three defendants, to release defense exhibits for scientific testing.  The motion indicated three defense exhibits admitted during defendants' trial contained some animal hairs unsuitable for identification, along with some possible cat hairs, that were taken by police from a 1992 Bonneville.  Further, Mary Slover, the daughter of Michael, Sr., and Jeanette, and the sister of Michael, Jr., formerly lived at a house in Springfield that a forensic scientist identified to have cat and dog hairs following an investi­gatory examination.  The State indicated a petition had been filed under the Juvenile Court Act of 1987 (705 ILCS 405/1-1 through 7-1 (West 2000)) in Macon County case No. 00-JA-12, alleging the biological son of Michael, Jr., and the adopted son of Mary was a neglected and abused minor.  The State had filed an expedited petition for termination of parental rights.  The State indicated the doctor who performed canine deoxyribonu­cleic acid (DNA) testing in the defendants' murder case was willing to perform feline DNA testing of the State's enumerated exhibits and the cat hair from Mary's former residence.  The State submitted "the release of the three defense exhibits for feline DNA testing would advance the interests of justice in the pending juvenile case of [No.] 00-JA-12."  

In September 2002, the trial court held a hearing on the State's motion.  Defendants' counsel argued the trial court had no jurisdiction as their appeals had been filed.  If the court did have jurisdiction, defendants argued, the State wanted to subject the cat hair to destructive testing, which would be prejudicial to defendants if the appellate court ordered further proceedings in the trial court.  The trial court found it had jurisdiction to rule on the matter, stating it had authority to enter orders with regard to property in its custody.  The court also found the State presented good cause for destructive testing of the evidence.  As a condition of the testing, the court required a photograph taken to identify the exhibits.

Defense counsel requested the clerk be directed to file a notice of appeal.
  The trial court found its order was governed by the civil appeal rules pursuant to Supreme Court Rule 612 (177 Ill. 2d R. 612).  In its written order pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), the court concluded there was no just reason for delaying the appeal.  Per defense counsel's request, the trial court stayed its order until further order by the court.  This appeal followed.  In October 2002, Jeanette filed a motion to join in the interlocutory appeal.  She later filed a notice of appeal in November 2002.  In February 2003, this court allowed Jeanette's motion for leave to file a late notice of appeal.  

II. ANALYSIS

A. Appellate Court Jurisdiction

Before we determine whether the trial court had juris­diction to consider the State's motion, we must determine whether this court has jurisdiction to consider defendants' appeal.  In their appellate brief, defendants contend this court has juris­diction pursuant to Supreme Court Rules 603 and 606 pertaining to criminal appeals (134 Ill. 2d R. 603; 188 Ill. 2d R. 606).  The State argues we must dismiss defendants' appeal.  The trial court issued an order pursuant to Supreme Court Rule 304(a), finding no just reason for delaying appeal of its order granting the State's motion to release defense exhibits for scientific testing.

Supreme Court Rule 304(a) provides, in part, as follows:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both.  ***  In the absence of such a finding, any judgment that adjudi­cates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."  155 Ill. 2d R. 304(a).

When the criminal appeal rules govern, Rule 304(a) does not apply.  
In re D.D.
, 337 Ill. App. 3d 
998
, 
1008
, 
   
 N.E.2d 
   
, 
   
 (2002).  However, an appellate court's jurisdiction to consider an appeal "does not derive solely from a party's invocation of the correct supreme court rule.
"  
In re O.H.
, 329 Ill. App. 3d 254, 257, 768 N.E.2d 799, 801 (2002).  Moreover, the trial court indicated the civil appeal rules applied after looking for guidance under Supreme Court Rule 612, setting forth the procedural matters that are governed by civil appeal rules.  The court noted civil appeal rules applied to the removal of records from the reviewing court.  Supreme Court Rule 372 (155 Ill. 2d R. 372), a civil appeal rule applicable to criminal appeals, focuses on the removal of the record from the appellate court, not the removal of exhibits from the record on appeal for scientific testing.  However, the similarity between the procedural matters of removing records from the reviewing court and allowing testing of an exhibit that is part of the record on appeal is enough to enable the case to fall within the civil appeal rules.  Here, the order allowing destructive testing of the exhibits created a final judgment.  As this amounted to a procedural matter, along with the trial court's written order pursuant to Rule 304(a), we conclude this case is properly before us.   

B. Trial Court Jurisdiction

Generally, "[t]he filing of a notice of appeal transfers jurisdiction to the appellate court 
instanter
 and simul­taneously divests the trial court of jurisdiction to enter additional orders of substance in a case."  
People v. Kolzow
, 332 Ill. App. 3d 457, 459, 772 N.E.2d 903, 904 (2002).  The trial court may not then enter orders changing or modifying a judgment or its scope or interfering with the review of the judgment.  
Kolzow
, 332 Ill. App. 3d at 459, 772 N.E.2d at 905.  The trial court does retain jurisdiction to determine matters that are collateral or incidental to the judgment being appealed.  
Brownlow v. Richards
, 328 Ill. App. 3d 833, 837, 767 N.E.2d 482, 485 (2002).  

In this case, the trial court's order did not modify the judgment or interfere with the review of that judgment.  Further, the court's order did not dispose of the issues defendants had invoked our jurisdiction to review in their murder appeal.  Thus, defendants' criminal appeal did not automatically divest the trial court of jurisdiction in regard to the State's motion. 

Defendants argue the trial court did not have jurisdic­tion to order the scientific testing of defense exhibits.  We disagree.  Defendants contend the physical evidence, such as the cat hair, is part of the record on appeal based on Supreme Court Rule 608 (177 Ill. 2d R. 608), and thus the trial court could not make substantive rulings on that evidence.

Rule 608(a) provides, in part, as follows:

"The clerk of the circuit court shall prepare the record on appeal upon the filing of a notice of appeal and in all cases in which a death sentence is imposed. *** The record on appeal must contain the following:

* * *

(10) exhibits offered at trial and sentencing, along with objec­tions, offers of proof, arguments, and rulings thereon; except that physical and demonstrative evidence, other than photographs, which do not fit on a standard size record page shall not be included in the record on appeal unless ordered by a court upon motion of a party or upon the court's own motion."  177 Ill. 2d R. 608(a).

Supreme Court Rule 608 addresses the requirements the clerk of the circuit court must adhere to in preparing the record on appeal.  However, it does not address whether the trial court has the authority to order the testing of exhibits used at trial while the case is presently on appeal.  For that determination, we look toward our supreme court's general administrative order on recordkeeping in the trial courts.  Pursuant to its general administrative authority, the supreme court has stated:

"PART I

RECORD
 
OF
 
THE
 
CASE

The records of the case to be prepared and maintained by the clerk shall be as follows:

* * *

G. 
EXHIBITS

Unless otherwise ordered, *** exhibits received in evidence shall be:

1. Retained by the clerk while the right of appeal exists.  In criminal, traffic, ordinance, and conservation cases in which the defendant has been found guilty[,] exhibits shall also be retained until the defendant has paid the fine, served his sentence, or has been released from probation or parole.

2. Released by the Clerk:

a. When the time for appeal has passed, provided that, in criminal, traffic, ordinance[,] and conservation cases in which the defendant has been found guilty, exhibits shall not be released until the defendant has paid the fine, served his sentence[,] or has been released from probation or parole.

b. At any time by order of the judge who presided at the trial of the case, or by order of the chief judge."  Administrative Office of the Illinois Courts, General Administrative Order on Recordkeeping in the Circuit Courts, adopted by the Supreme Court of Illinois on May 20, 1968, as amended, effective April 23, 2003, at iv, xii.

Based on the supreme court's pronouncement, we find a trial court has jurisdiction to determine whether exhibits used at trial should be submitted for scientific testing while the remainder of the case is on appeal.  

C. Order Releasing Defense Exhibits

A trial court has the inherent power to maintain and control its records.  
In re Marriage of Johnson
, 232 Ill. App. 3d 1068, 1072, 598 N.E.2d 406, 409 (1992).  With this in mind, the trial court must use its discretion in deter­mining whether exhibits should be released by the clerk.  See, 
e.g.
, 
Doe v. Carlson
, 250 Ill. App. 3d 570, 574, 619 N.E.2d 906, 909 (1993) (trial court has the discretion to impound judicial records after weighing the interests involved in accessing the record or keeping access restricted); 
Johnson
, 232 Ill. App. 3d at 1072-73, 598 N.E.2d at 409 (access to judicial records is left to sound discretion of trial court based on the relevant facts and circumstances of the case).  When confronted with a motion to release exhibits for scientific testing, the trial court must balance the competing interests, including, but not limited to, the possible prejudice to the defendant, the State's desire to advance the interests of justice, and the State's need for testing to accomplish its planned and stated objective.

In the case 
sub
 
judice
, the State established in its motion that Dr. Joy Halverson indicated she was capable of performing and willing to perform DNA testing on animal hairs from defense exhibits and cat hairs from Mary Slover's former residence.  The State alleged the testing would advance the interests of justice in the pending juvenile case and the determination of whether the parental rights of Mary and Michael, Jr., should be terminated.  Specifically, the State alleged the evidence could point to Mary's connection with the Karen Slover murder or its concealment.  Defendants, on the other hand, argued at the hearing that destructive testing would be prejudi­cial in the event of a retrial.  However, the State noted the evidence was not large enough for a jury to assess, unlike a "big coat" or "bloody knife."  Also, the State indicated the conclusions made after scientific testing could benefit the defense.    

In its decision, the trial court found "good cause" for the scientific testing.  The court also required as a condition of the scientific testing that a photograph be taken of any exhibits of sufficient quality to identify them.  We find the trial court did not abuse its discretion in allowing scientific testing of the defense exhibits.  The trial court was presented with the State's need for the evidence and the possible prejudi­cial impact such testing might have on defendants.  The court weighed each position, made an additional requirement to keep a record of the evidence, and ruled accordingly.  As the State presented evidence that scientific testing could further the interests of justice and defendants were unconvincing in their claim of prejudice, the trial court did not abuse its discretion in granting the State's motion.

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

STEIGMANN and APPLETON, JJ., concur.