# Illinois Official Reports

## Appellate Court

---

### *People v. Chapman*, 2018 IL App (1st) 163045

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VERNON CHAPMAN, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-16-3045 |
| Filed | April 27, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-CR-17363; the Hon. Mary Margaret Brosnahan, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Jessica D. Ware, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Brian K. Hodes, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.<br>Justices Cunningham and Connors concurred in the judgment and opinion. |

**OPINION**

¶ 1 The defendant, Vernon Chapman, appeals from an order of the circuit court entered on October 13, 2016, dismissing his amended petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)), which sought relief from a judgment of conviction entered against him on July 14, 2008, based upon his plea of guilty to one count of criminal drug conspiracy (720 ILCS 570/405.1(a) (West 2006)). For the reasons that follow, we vacate the circuit court's order of October 13, 2006, for want of jurisdiction and remand the matter for further proceedings.

¶ 2 The defendant pled guilty to a single count of criminal drug conspiracy and was sentenced to six years' imprisonment, including a period of mandatory supervised release. Thereafter, the defendant filed a petition under the Act, seeking relief from his conviction and sentence. On February 13, 2014, the circuit court entered an order dismissing that petition based on a finding that the defendant lacked standing. The defendant appealed, and on February 5, 2016, this court issued its order, reversing the circuit court's order dismissing the defendant's petition and remanding the matter for first-stage proceedings under the Act. *People v. Chapman*, 2016 IL App (1st) 140724-U. On April 18, 2016, the defendant filed an amended petition under the Act.

¶ 3 Our mandate in *Chapman* was filed with the clerk of the circuit court on October 18, 2016. On October 13, 2016, five days prior to the filing of our mandate, the circuit court summarily dismissed the defendant's amended petition. The defendant filed the instant appeal, challenging that order on jurisdictional grounds.

¶ 4 When a timely notice of appeal has been filed, the jurisdiction of the appellate court attaches, and the circuit court is divested of jurisdiction. *People v. Perry*, 2014 IL App (1st) 122584, ¶ 13. The judgment of the appellate court becomes final when entered. However, it is the filing of the mandate that reinvests jurisdiction in the circuit court. *Hickey v. Riera*, 332 Ill. App. 3d 532, 543 (2001). After the filing of a notice of appeal and prior to the filing of the appellate court's mandate, the circuit court lacks jurisdiction to enter any order of substance in the cause. *Brownlow v. Richards*, 328 Ill. App. 3d 833, 836-37 (2002). An order entered by the circuit court in the absence of jurisdiction is void. *People v. Davis*, 156 Ill. 2d 149, 155 (1993).

¶ 5 In this case, the circuit court entered its order summarily dismissing the defendant's amended petition for postconviction relief five days prior to the filing of this court's mandate in *Chapman*. The order is therefore void for want of jurisdiction and must be vacated. The State has conceded the issue and also requests that we vacate the circuit court's order of October 13, 2016, and remand the matter back to the circuit court.

¶ 6 The parties disagree, however, on the procedure to be followed by the circuit court on remand. The defendant argues that we should remand the matter to the circuit court with directions to conduct a second-stage proceeding under the Act (see 725 ILCS 5/122-5 (West 2016)) on his amended petition. He contends that more than 90 days have passed since the filing of the amended petition, and as a consequence, it must be advanced to the second stage with the appointment of counsel. The State argues that the matter should be remanded for a first-stage proceeding as this court ordered in *Chapman*, 2016 IL App (1st) 1400724-U, ¶ 20. The State reasons that the 90-day period provided for consideration of the defendant's amended petition (see 725 ILCS 5/122-2.1 (West 2016)) never expired from the date that the

circuit court was reinvested with jurisdiction over this matter on October 18, 2016, and the filing of the defendant's notice of appeal on November 4, 2016. We agree with the State.

¶ 7 By statute, the circuit court is required to examine a postconviction petition within 90 days of its filing and docketing. 725 ILCS 5/122-2.1(a) (West 2016). It is during this period that the petition may be dismissed if the circuit court determines it to be frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2016). If a postconviction petition is not dismissed within that 90-day period, it must be advanced to the second stage with the appointment of counsel. *People v. Boclair*, 202 Ill. 2d 89, 100 (2002). The circuit court lacks the statutory authority to summarily dismiss a postconviction petition after the expiration of the 90-day period. *People v. Brooks*, 221 Ill. 2d 381, 389 (2006).

¶ 8 In this case, the defendant's amended petition was filed on April 18, 2016, and the 90-day period would have expired on July 17, 2016. However, the circuit court had no jurisdiction over the matter for that entire period due to the pendency of the defendant's earlier appeal and could not, therefore, examine or enter any order on the defendant's amended petition. To accept the defendant's argument would eviscerate the circuit court's ability to dismiss postconviction petitions that are frivolous or patently without merit. A defendant could circumvent the circuit court's ability to summarily dismiss a meritless postconviction petition by filing the petition at a time when the circuit court had no jurisdiction to address it due to the pendency of the defendant's direct appeal. We believe, therefore, that only the period of time during which the circuit court has jurisdiction to examine a postconviction petition and enter an order thereon shall be considered in computing the 90-day dispositional period set forth in section 122-2.1(a) of the Act.

¶ 9 The circuit court was reinvested with jurisdiction over this case on October 18, 2016, and again divested of jurisdiction on November 4, 2016, when the defendant filed his notice of appeal from the October 13, 2016, order. As a consequence, the circuit court possessed jurisdiction over the defendant's amended postconviction petition for a period of only 17 days. We conclude, therefore, that 73 days remain in the 90-day period within which the circuit court is required to examine the defendant's amended petition and enter an order thereon.

¶ 10 Based upon the foregoing analysis, we vacate the circuit court's order of October 13, 2016, and remand this matter for first-stage proceedings under the Act on the defendant's amended petition.

¶ 11 Vacated and remanded.