NOTICE
Decision filed 07/26/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190044-U

NO. 5-19-0044

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 96-CF-450 |
| | ) | |
| CORDELL L. GINES, | ) | Honorable |
| | ) | William G. Schwartz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's sentences are vacated and this matter is remanded for resentencing, where the trial court lacked jurisdiction to resentence defendant while a petition for leave to appeal was pending before the Illinois Supreme Court.

¶ 2    Defendant, Cordell L. Gines, appeals the order of the circuit court of Jackson County denying his *pro se* petition for leave to file a successive postconviction petition. He argues that his sentences are void because the trial court lacked jurisdiction at the time of his resentencing. For the following reasons, we vacate defendant's sentences and remand with directions for resentencing.

1

¶ 3                                    I. Background

¶ 4     This cause has a lengthy and complicated procedural history. Defendant has previously filed two direct appeals and numerous postconviction petitions. In the interest of brevity, we recite only those facts necessary to the disposition of this appeal.

¶ 5     In 1997, following a jury trial, defendant was convicted of five counts of aggravated criminal sexual assault, one count of armed robbery, and one count of aggravated battery, for offenses committed on September 3, 1996. Defendant was sentenced to a total of 45 years' imprisonment, and he appealed. On direct appeal, this court affirmed defendant's convictions and sentences. See *People v. Gines*, No. 5-97-0154 (Jan. 12, 1998) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6     On June 5, 2002, defendant filed a postconviction petition arguing that his sentences did not conform to statutory requirements and, thus, were void. The trial court summarily dismissed the petition, and defendant appealed. On appeal, the State confessed error and this court remanded for resentencing. *People v. Gines*, No. 5-02-0446 (July 16, 2003) (unpublished order under Supreme Court Rule 23). In so doing, this court noted that there were two courses of criminal conduct perpetrated against the victim: counts I, IV, V, and VI (all of which alleged aggravated criminal sexual assault) arose from one course of criminal conduct, and counts II (aggravated criminal sexual assault), VII (armed robbery), and VIII (aggravated battery) arose from a second course of criminal conduct. This court concluded that "[t]he sentences on counts I, IV, V, and VI should be consecutive pursuant to section 5-8-4(a) of the [Unified] Code [of Corrections], because all [of] those offenses were committed in violation of section 12-14 of the Criminal Code of 1961 [citation]." *Id*. at 5. Defendant was resentenced on October 30, 2003, to a total of 77 years' imprisonment.

2

¶ 7    On February 22, 2011, defendant filed a motion for leave to file a successive postconviction petition arguing that his sentence did not comply with section 5-8-4(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-4(a) (West 1996)). The trial court denied defendant leave on February 23, 2011, and, shortly thereafter, defendant appealed. In that appeal, defendant argued, and the State agreed, that the trial court failed to follow this court's mandate in No. 5-02-0446 and failed to comply with section 5-8-4(a) of the Code when it resentenced defendant. *People v. Gines*, No. 5-11-0093, ¶ 1 (Sept. 3, 2013) (unpublished summary order under Illinois Supreme Court Rule 23(c)). On September 3, 2013, this court, accepting the State's confession of error, vacated the sentences imposed following the October 30, 2003, resentencing hearing and remanded the matter with directions that the sentences previously imposed on the triggering offenses[1] be ordered to run consecutively. *Id.* ¶ 15.

¶ 8    Defendant then filed a *pro se* petition for leave to appeal (PLA) in the Illinois Supreme Court in which he argued, *inter alia*, that this court's September 3, 2013, order failed to clarify the maximum aggregate sentence that the trial court could impose on remand. The supreme court clerk stamped defendant's PLA as received on October 7, 2013, and filed on October 21, 2013. On October 15, 2013, after the supreme court clerk received defendant's PLA but prior to its

---

[1]Triggering offenses, which trigger the mandatory consecutive sentencing statute, are exceptions to the general rule that consecutive sentences are not permissible for offenses committed as a part of a single course of conduct. *People v. Ivey*, 267 Ill. App. 3d 310, 312 (1994). On the date of the offenses, September 3, 1996, section 5-8-4(a) of the Code provided, in pertinent part, that: "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective unless *** the defendant was convicted of a violation of Section 12-13 [(criminal sexual assault)], 12-14 [(aggravated criminal sexual assault)], or 12-14.1 [(predatory criminal sexual assault of a child)] of the Criminal Code of 1961[.]" 730 ILCS 5/5-8-4(a) (West 1996).

filing, the mandate relating to this court's September 3, 2013, decision was issued to the trial court.[2]

¶ 9    On January 3, 2014, while defendant's PLA was pending before the Illinois Supreme Court, the trial court commenced defendant's resentencing hearing in accordance with this court's mandate. At the outset of that hearing, the trial court had the following exchange with the parties:

> "THE COURT: Okay, this is back here because of the Appellate Court saying that the sentencing was incorrect. It is also up before the Supreme Court, is it not?
> THE STATE: Your Honor, there was a PLA that was filed. I have not heard what the status of that PLA is, whether it has been taken or not. At this point in time the People believe it is not a jurisdictional issue—
> THE COURT: By the way, I agree with you on that.
> THE STATE: But I think the re-sentencing can occur today.
> THE COURT: Do you agree, [defense counsel]?
> DEFENSE COUNSEL: Yes, Your Honor. We expect to see a re-sentencing."

¶ 10   Following further discussion, the trial court resentenced defendant to a total of 60 years' imprisonment. In particular, the trial court announced that it was imposing consecutive sentences on counts I, IV, V, and VI totaling 60 years' imprisonment and concurrent sentences of 10 years on count II, 7 years on count VII, and 2 years on count VIII. The trial court later entered a written sentencing order on January 9, 2014, which provided "that the sentences imposed on counts [I], [IV], [V], and [VI] be consecutive to each other, and the sentences imposted [*sic*] on counts [II], [VII], and [VIII] be concurrent with each other."

¶ 11   On January 27, 2014, while defendant's PLA remained pending before the Illinois Supreme Court, defendant appealed the trial court's resentencing order. On appeal, defendant

---

[2]The record does not show that the clerk of this court received notice of the filing of defendant's PLA prior to the issuance of this court's mandate.

4

again argued that the trial court erred in running the sentence on count II concurrently with the sentences on counts VII and VIII. See *People v. Gines*, No. 5-14-0050, ¶ 7 (Nov. 20, 2015) (unpublished summary order under Illinois Supreme Court Rule 23(c)). Shortly thereafter, on January 29, 2014, the supreme court denied defendant's PLA from this court's September 3, 2013, order and sent a copy of the denial order to the clerk of this court. The clerk of this court mailed a filed-stamped copy of the denial order to the circuit clerk of Jackson County on March 19, 2014.

¶ 12    On November 15, 2015, this court rendered its decision on defendant's appeal from the trial court's January 3, 2014, resentencing order. *Gines*, No. 5-14-0050. This court modified the judgment and resentencing order to reflect that the consecutive sentences imposed on counts I, IV, V, and VI were to be served concurrently with the sentences imposed on counts II, VII, and VIII. Furthermore, the sentence imposed on count II was to be served consecutively to the sentences imposed on counts VII and VIII. *Id*. ¶ 9. Defendant again filed a PLA from this court's decision in the Illinois Supreme Court, which was later denied. *Gines*, No. 5-14-0050 (Nov. 20, 2015) (PLA denied, No. 120231, 48 N.E.3d 1094 (Mar. 30, 2016)).

¶ 13    On August 20, 2018, defendant filed in the trial court a petition for leave to file a successive postconviction petition in which he asserted that his sentences were void and, as such, could be challenged at any time. In support, defendant attached a letter from his previous postconviction appellate counsel in which counsel advised defendant that the trial court lacked jurisdiction over his case when it resentenced him on January 3, 2014. In the letter, counsel further explained that the supreme court had jurisdiction over the case at that time because defendant had filed a timely PLA.

¶ 14    On November 8, 2018, the trial court denied defendant's petition for leave to file a successive postconviction petition. In doing so, the trial court found that the PLA that defendant filed in the supreme court in October 2013 was untimely and, therefore, did not vest subject-matter jurisdiction with the supreme court. The trial court further expressed that defendant "failed to perfect his appeal" to the supreme court because he "failed to file any documentation in the trial court regarding a [PLA]." The trial court also expressed that it "had no knowledge that the defendant had filed anything with the Supreme Court of Illinois." The trial court concluded that subject-matter jurisdiction remained with this court until the mandate issued on October 15, 2013. Consequently, the trial court reasoned that it had subject-matter jurisdiction when it conducted the resentencing hearing on January 3, 2014. Lastly, the trial court included the following provision in its written order:

> "Should a Court of review determine that this Court did not have subject[-]matter jurisdiction to enter the Judgment-Sentence to Illinois Department of Corrections on January 9, 2014, said judgment and sentence is AFFIRMED and is to be CONSIDERED TO BE REENTERED as of this date."

¶ 15    This appeal followed.

¶ 16                                    II. Analysis

¶ 17    On appeal, defendant argues that the trial court lacked jurisdiction when it resentenced him in January 2014, and, thus, his sentences are void. Defendant maintains that the Illinois Supreme Court had jurisdiction of his case when the trial court resentenced him because he had timely filed a PLA in the supreme court before this court issued its mandate. The State argues that (1) this court retained jurisdiction, due to the unique circumstances present in defendant's case and, alternatively, (2) the trial court was revested with jurisdiction when the parties

6

"actively participated in a hearing to resolve a conceded error in sentencing." We will begin by addressing the propriety of the State's arguments in reverse order of their presentations. We will then address, as explained below, additional issues raised by defendant in this appeal.

¶ 18    " 'Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time.' " *People v. Castleberry*, 2015 IL 116916, ¶ 11 (quoting *People v. Davis*, 156 Ill. 2d 149, 155 (1993)). "After the filing of a notice of appeal and prior to the filing of the appellate court's mandate, the circuit court lacks jurisdiction to enter any order of substance in the cause." *People v. Chapman*, 2018 IL App (1st) 163045, ¶ 4. The judgment of the appellate court becomes final when entered and the filing of the mandate reinvests jurisdiction in the circuit court. *Id.* The question of whether a trial court's judgment is void for lack of jurisdiction is a question of law reviewed *de novo*. *People v. Hughes*, 2012 IL 112817, ¶ 19.

¶ 19    In its alternative argument, the State argues that the "[trial] court was revested with jurisdiction when this matter of resentencing was brought before it by which all parties agreed, and which resulted in proceedings inconsistent with the merits of the prior judgment." Defendant argues that the State forfeited review of its argument. Contrary to defendant's argument, we find that the State sufficiently supported its argument to avoid forfeiture. Accordingly, we now address the merits of the State's argument.

¶ 20    Pursuant to the revestment doctrine, "litigants may revest a court which has general jurisdiction over the matter with both personal and subject[-]matter jurisdiction over the particular cause after the 30-day period following final judgment during which post-judgment motions must ordinarily be filed." *People v. Kaeding*, 98 Ill. 2d 237, 240 (1983). In *Kaeding*, the parties requested that the trial court review its previous sentencing order, even though neither

7

party filed a posttrial motion within the 30-day period following the final judgment. *Id.* On direct appeal, the Illinois Supreme Court held that the trial court was revested with jurisdiction over the parties pursuant to the revestment doctrine "rule." *Id*. at 241. The *Kaeding* court recognized three independent criteria for the rule's application: (1) active participation by the parties; (2) without objection; and (3) in proceedings inconsistent with the merits of the prior judgment. *Id.* at 240.

¶ 21     Here, citing to *Kaeding*, the State argues that the challenged resentencing hearing meets the requirements of the revestment doctrine. The State argues that both parties appeared before the trial court and agreed that the previously imposed sentences did not accurately memorialize the trial court's oral pronouncement and failed to comply with section 5-8-4(a) of the Code. The State further argues that defendant did not object to the resentencing hearing and expressed his agreement with the State that a resentencing could occur that day. Under these circumstances, the State argues that the parties revested jurisdiction in the trial court for the purposes of complying with this court's mandate to properly resentence defendant. We find the State's reliance on the revestment doctrine misplaced.

¶ 22     Following *Kaeding*, our supreme court provided additional guidance with regard to the revestment doctrine in *People v. Bailey*, 2014 IL 115459. In *Bailey*, the supreme court again emphasized that the revestment doctrine is a narrow exception to otherwise strict jurisdictional standards and reiterated that the doctrine acts as an exception to the usual rule that "a trial court loses jurisdiction to hear a cause at the end of the 30-day window following the entry of a final judgment." *Id.* ¶¶ 8-10. Furthermore, for the revestment doctrine to apply, the *Bailey* court held that both parties must: "(1) actively participate in the proceedings; (2) fail to object *to the untimeliness of the late filing*; and (3) assert positions that make the proceedings inconsistent with the merits of the prior judgment and support the setting aside of at least part of that

8

judgment." (Emphasis added.) *Id.* ¶ 25. The *Bailey* court further held that all requirements must be met to revest jurisdiction. *Id.*

¶ 23 Given the "intentionally narrow application of the revestment doctrine" recognized by our supreme court (*id.* ¶ 26), we find the revestment doctrine inapplicable in the present case. Again, the revestment doctrine acts solely as an exception to the rule that "the trial court loses jurisdiction to hear a cause at the end of the 30-day window following the entry of a final judgment." *Id.* ¶¶ 8-10. That factual scenario is not present in the instant case.

¶ 24 Here, the trial court was not divested of jurisdiction due to a late filing past "the expiration of the 30-day period following the entry of a final judgment," but, instead, due to defendant's timely filed appeal. Likewise, this court was divested of jurisdiction due to defendant's timely filed PLA from this court's November 15, 2015, decision.

¶ 25 In the present case, the State fails to cite a case that has extended the revestment doctrine to divest a reviewing court of jurisdiction following a timely appeal, and we decline to do so here. Additionally, in a case not cited on appeal by either party, this court previously distinguished *Kaeding* from factual circumstances not too dissimilar to those presented in the present case. See *People v. Henry*, 329 Ill. App. 3d 397, 401 (2001) (holding that "[t]he parties cannot divest the appellate court of jurisdiction *** by participating in proceedings in the trial court that affect or modify the judgment appealed from or that interfere with our review of that judgment"), *rev'd in part on other grounds*, 204 Ill. 2d 267 (2003). We also note that this court has previously recognized the general rule that once an appeal is filed, the trial court is divested of jurisdiction to enter further substantive orders, and that "jurisdiction may not be revested in the circuit court through the agreement or acquiescence of the parties." *In re Marriage of Holem*,

9

153 Ill. App. 3d 1095, 1099 (1987). Consequently, the State's argument fails, as the revestment doctrine is not applicable to the instant case.

¶ 26    In its first argument, the State contends that the trial court was revested with jurisdiction when it received this court's mandate. In support, the State argues that "the appellate court did not lose jurisdiction in the issuance of its order, and the trial court merely carried out this court's order." Defendant again responds that the State's argument is unsupported and, thus, forfeited. We agree with defendant.

¶ 27    Here, the State primarily cites to legal authority that establishes or defines jurisdictional principles that this court did not lose jurisdiction when defendant filed his PLA. The State's substantive arguments are limited to one six-sentence paragraph. Although the State asserts, *inter alia*, that the PLA was ultimately denied and this court, without filing any additional opinion, "simply remanded with directions to comply with certain statutory requirements," the State fails to explain why defendant's timely, but ultimately unsuccessful, PLA was ineffective in divesting this court of jurisdiction at the time of its filing. The State further fails to explain why the automatic stay provision under Illinois Supreme Court Rule 368(b) (eff. July 1, 2006) is inapplicable in the context of this case. Thus, the State has forfeited review of its argument for failing to cite legal authority and present well-reasoned argument. See Ill. S. Ct. R. 341(h) (eff. May 25, 2018). Forfeiture notwithstanding, the State's argument fails on its merits.

¶ 28    " 'Once a petition for leave to appeal has been filed in the Supreme Court, the appellate court loses jurisdiction over the cause of action and may not withdraw or substantively modify its filed opinion [citation] nor may it file an additional separate opinion [citation].' " *Cooney v. Rossiter*, 2012 IL 113227, ¶ 15 (quoting Style Manual for the Supreme and Appellate Courts of Illinois § I(F) (4th ed. rev. 2012) ("Postfiling Revisions")).

10

¶ 29    In addition, under Illinois Supreme Court Rule 368(b) (eff. July 1, 2006), which was in effect at the time defendant filed his PLA, this court's mandate, which was issued after defendant filed his PLA, was stayed automatically. See also *In re Estate of Grabow*, 74 Ill. App. 3d 336, 340 (1979) (the appellate court's mandate is stayed under Rule 368(b) only when the PLA is filed before the mandate issues, thereby affecting the jurisdiction of the lower courts). Rule 368(b) states, in pertinent part, the following:

> "[T]he mandate is stayed automatically if, before it may issue, a party who is entitled to seek review by the Supreme Court files a petition in the Supreme Court for such review. The stay is effective until the expiration of the time to seek review, and, if review is timely sought, until disposition of the case by the Supreme Court." Ill. S. Ct. R. 368(b) (eff. July 1, 2006).

The Illinois Supreme Court has also ruled that the filing of a PLA before the supreme court divests the appellate court of jurisdiction. *Cooney*, 2012 IL 113227, ¶ 15.

¶ 30    Even assuming this court retained jurisdiction, Rule 368(b) provides that the appellate court mandate is stayed when the PLA is filed before the mandate issues, which is the factual scenario in the instant case. Therefore, assuming *arguendo* that this court had jurisdiction to issue the mandate, this court's mandate was stayed until the supreme court denied defendant's PLA on January 29, 2014, which was after defendant's January 3, 2014, resentencing. Consequently, the State's argument that the trial court was revested with jurisdiction when it received this court's mandate is meritless.

¶ 31    Based on the foregoing, we conclude that the trial court lacked jurisdiction to resentence defendant on January 3, 2014. Because the trial court lacked jurisdiction, defendant's sentences are void and must be vacated.

11

¶ 32    We now turn our attention to the additional issues raised on appeal by defendant. Specifically, defendant makes additional arguments related to the trial court's November 8, 2018, order and this court's order modifying the trial court's sentencing order in *Gines*, 2015 IL App (5th) 140050-U, ¶ 15. We review each of these arguments in the order presented in defendant's brief.

¶ 33    On November 8, 2018, the trial court denied defendant leave to file a successive postconviction petition, and further ruled that:

> "Should a Court of review determine that this Court did not have subject[-]matter jurisdiction to enter the Judgment-Sentence to Illinois Department of Corrections on January 9, 2014, said judgment and sentence is AFFIRMED and is to be CONSIDERED TO BE REENTERED as of this date."

¶ 34    Defendant argues that the trial court "could not simply 'reaffirm and reissue' the January 9[,] [2014] judgment order because *** the appellate court held that the [trial] court erred in sentencing [defendant][,] where the sentence on count II should have run consecutive to the sentences imposed on counts VII and VIII." To reaffirm the trial court's judgment and sentence entered on January 9, 2014, would simply result in the trial court repeating its previous sentencing error. The State does not respond to defendant's arguments. By failing to respond, the State has forfeited any argument on this issue. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018).

¶ 35    Here, the record shows, and the State previously conceded, that the trial court's January 3, 2014, sentencing pronouncement and the corresponding January 9, 2014, sentencing order contained an error related to count II, which was corrected by this court on appeal. See *Gines*, 2015 IL App (5th) 140050-U, ¶ 15. Thus, we agree with defendant that if the trial court's November 8, 2018, order, which reaffirmed and reentered the January 9, 2014, judgment and

12

sentence, was allowed to stand, the previous sentencing error related to count II would be repeated by the trial court. Accordingly, we vacate that portion of the trial court's November 8, 2018, order (from which this appeal is taken). Because we must vacate the sentences imposed by the trial court on January 3, 2014, and remand for resentencing, we direct the trial court on remand not to repeat the sentencing error related to count II, as previously determined by this court in *Gines*. *Id.*

¶ 36    Lastly, defendant raises an issue related to this court's decision modifying the trial court's sentencing order in *Gines*. *Id.* Defendant argues that because the circuit court had no jurisdiction to resentence defendant on January 9, 2014, the appellate court, in turn, had no jurisdiction to consider the merits of defendant's appeal or to modify the judgment order on appeal. Therefore, defendant argues that this court's modification order is void. However, defendant does not ask this court to vacate our earlier order, and the State does not respond to defendant's argument in this regard. We, therefore, decline to vacate our order *sua motu*. Additionally, we need not further address this issue, as our earlier decision was an unpublished Rule 23 order with no precedential value, and we have also directed the trial court not to repeat the same sentencing error on resentencing.

¶ 37                                    III. Conclusion

¶ 38    For the aforementioned reasons, we vacate defendant's sentences and remand this matter for resentencing. We direct the trial court to impose sentences that conform to section 5-8-4(a) of the Code (730 ILCS 5/5-8-4(a) (West Supp. 2006)). To be clear, the consecutive sentences imposed on counts I, IV, V, and VI are to be served concurrently with the sentences imposed on counts II, VII, and VIII, and the sentence imposed on count II is to be served consecutively to the

13

sentences imposed on counts VII and VIII. We also vacate that portion of the trial court's November 8, 2018, order, which reentered the January 9, 2014, judgment and sentence.

¶ 39     Judgments vacated and remanded with directions.