THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID W. BENDER, Defendant-Appellant.

Third District   No. 3—91—0320

Opinion filed April 2, 1992.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, David W. Bender, pled guilty to the offense of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1). He was sentenced to four years of probation and thereafter violated his probation. Following a probation revocation hearing, the defendant was again sentenced to four years of probation. Shortly thereafter, he again violated his probation. After a hearing on that violation, the trial court sentenced the defend-

ant to five years of imprisonment. The defendant appeals. We reverse and remand.

On appeal, the first issue we must address is the State's contention that this court does not have jurisdiction of this cause. Specifically, the State argues that the defendant's notice of appeal was premature because he failed to file a motion to withdraw his guilty plea. In addition, it argues that the notice was premature since it was filed prior to the entry of a formal written judgment order.

■ Where a defendant pleads guilty, is sentenced to probation, and thereafter has his probation revoked, he does not need to file a motion to withdraw his original guilty plea before appealing his sentence. (*People v. Combs* (1990), 197 Ill. App. 3d 758, 555 N.E.2d 66.) We therefore reject the State's argument that the defendant needed to file a motion to withdraw his guilty plea before filing his notice of appeal.

■ We further note that in a criminal case, the pronouncement of the sentence is the judicial act which comprises the judgment of the court. The entry of the judgment order is a ministerial act and is merely evidence of the sentence. (*People v. Allen* (1978), 71 Ill. 2d 378, 375 N.E.2d 1283.) The instant record shows that the defendant was sentenced on April 26, 1991, and that he filed his notice of appeal on April 29, 1991. The record also shows that although the written order was signed on May 1, 1991, the order itself contained a notation showing that the judgment was entered on April 26, 1991. Accordingly, we find that the act of signing the written order was merely ministerial and, as such, the sentencing order was final on April 26, 1991. In conclusion, we hold that the defendant's appeal was timely filed and we therefore have jurisdiction to hear this appeal.

Turning to the merits of the case, we address the defendant's argument that his sentence should be vacated and his cause remanded for resentencing. Specifically, he contends that the trial court was required to refer him for evaluation under the Illinois Alcoholism and Other Drug Dependency Act (Ill. Rev. Stat. 1989, ch. 111½, par. 6360—2).

The record shows that the defendant testified that his addiction to alcohol was at the root of his problems. He began drinking twice a week at the age of 16 and had steadily increased his weekly intake for the last four years. In September of 1990, he attempted suicide and was referred to Singer Zone Center for treatment. Upon his release from Singer Zone Center, it was recommended that he attend Alcoholics Anonymous.

In October of 1990, the defendant was sentenced to probation and ordered to undergo a substance abuse evaluation. Following an evaluation by Sinnissippi Center in December of 1990, it was recommended

that the defendant attend Sinnissippi's intensive outpatient alcohol abuse treatment program. The defendant failed to complete the program. The record also shows that both petitions filed to revoke the defendant's probation charged him with offenses related to underage drinking.

Based on these facts, the defendant asked the trial court to sentence him to another term of probation with an order that he receive alcohol addiction counseling. The court, finding that the defendant did not have an alcohol problem, refused to refer the defendant for a TASC evaluation.

The purpose of the Alcoholism and Substance Abuse Act is to prevent drug abuse and encourage treatment and rehabilitation by allowing eligible defendants to elect rehabilitative treatment instead of traditional sentencing. (*People v. Moore* (1990), 206 Ill. App. 3d 769, 565 N.E.2d 154.) When an addict elects to undergo treatment, the court must order an examination by a designated program to determine whether he is an addict or alcoholic and is likely to be rehabilitated through treatment. (Ill. Rev. Stat. 1989, ch. 111½, par. 6360—2.) However, a defendant does not have an absolute right to the treatment alternative provided by the Act. The trial court has broad discretion to deny or grant the defendant's request and its decision will not be reversed absent a showing that the court acted arbitrarily or abused its discretion. Factors to be considered are the defendant's past record of drug abuse and the likelihood of rehabilitation through treatment under the program. *People v. Hirschmann* (1988), 175 Ill. App. 3d 150, 529 N.E.2d 760.

■ Here, we find that the trial court's decision that the defendant did not have a problem with alcohol was arbitrary. The record clearly shows, and the State apparently concedes, that the defendant has a problem with alcohol. As such, even though the trial court has given the defendant repeated chances to straighten himself out, case law indicates that he may be entitled to yet another chance. Given the defendant's eligibility for TASC, the law states that the trial court must have the defendant examined to determine if he is an addict and if he is likely to be rehabilitated through the treatment program.

Accordingly, we remand this cause to the extent that we find the trial court erred in refusing to have the defendant examined to determine if he was an addict and likely to be rehabilitated. Our decision does not reach the question of whether the defendant should be given TASC as an alternative to a prison term. That decision is for the trial court to make after it has evaluated the information concerning the defendant's examination.

■ The defendant also argues on appeal that the trial court erred in sentencing him to five years of imprisonment. Specifically, he contends it failed to take into account his potential for rehabilitation.

Although we are remanding this case, we would note that the defendant's sentence appears to be proper. Sentencing is largely a matter of judicial discretion, and absent an abuse of that discretion, it will not be altered on review. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

Here, we note that the defendant has demonstrated little rehabilitative potential. In the instant case he was given probation twice and violated it both times. In addition, the record shows that he has an extensive history of criminal conduct and that he has been constantly placed on probation for those offenses. Obviously, probation as punishment has failed to deter the defendant's criminal conduct. As such, we cannot say that the trial court failed to adequately weigh the defendant's rehabilitative potential.

The judgment of the circuit court of Whiteside County is reversed, and the cause is remanded for proceedings consistent with this decision.

Reversed and remanded.

BARRY, P.J., and HAASE, J., concur.