# Illinois Official Reports

## Appellate Court

---

### *People v. Evans*, 2015 IL App (3d) 140753

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL J. EVANS III, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-14-0753 |
| Rule 23 Order filed<br>Motion to<br>publish allowed<br>Opinion filed | July 17, 2015<br><br>August 17, 2015<br>August 17, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-CF-2408; the Hon. Amy Bertani-Tomczak, Judge, presiding. |
| Judgment | Vacated; remanded with instructions. |
| Counsel on Appeal | Michael J. Pelletier and Sean Conley, both of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James Glasgow, State's Attorney, of Joliet (Robert M. Hansen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

Panel                      JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Holdridge and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Paul J. Evans III, pled guilty to home invasion (720 ILCS 5/12-11(a)(1) (West 2010)) and was sentenced to a term of 12 years' imprisonment. Defendant's motion for reconsideration of his sentence was denied. Defendant appealed the denial of that motion three times, and each time this court remanded the matter for compliance with Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014). On this appeal, defendant argues that the trial court acted prior to the filing of the mandate upon the most recent remand, and therefore lacked subject matter jurisdiction. We agree, and remand the matter for compliance with the most recent mandate.

¶ 2                                 FACTS

¶ 3        Defendant was charged by indictment with two counts of home invasion (720 ILCS 5/12-11(a)(1), (2) (West 2010)) and one count each of residential burglary (720 ILCS 5/19-3(a) (West 2010)), aggravated battery of a senior citizen (720 ILCS 5/12-4(b)(10) (West 2010)), and aggravated battery (720 ILCS 5/12-4(b)(1) (West 2010)). Following appointment of the public defender, defendant entered an open plea of guilty to one count of home invasion in exchange for the *nolle prosequi* of the remaining charges. On November 16, 2011, the trial court sentenced defendant to a term of 12 years' imprisonment. The court also made a finding of great bodily harm, in turn ordering that defendant serve 85% of his sentence.

¶ 4        On December 1, 2011, defendant's trial counsel filed a motion to reconsider sentence, arguing that the sentence was excessive and that the finding of great bodily harm was against the manifest weight of the evidence. Counsel did not file a certificate in accordance with Supreme Court Rule 604(d). The trial court denied the motion and a notice of appeal was filed the same day. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal.

¶ 5        On appeal, this court summarily remanded the matter for strict compliance with Supreme Court Rule 604(d). Trial counsel subsequently filed a new motion to reconsider sentence, along with a Rule 604(d) certificate. The motion was again denied, a second notice of appeal was filed, and OSAD was again appointed to represent defendant.

¶ 6        On the second appeal, OSAD argued that trial counsel's Rule 604(d) certificate was noncompliant for failure to certify that counsel had reviewed the report of proceedings of the plea hearing. On July 23, 2013, this court entered an order vacating a duplicate DNA fee and remanding for new postsentencing proceedings in compliance with Supreme Court Rule 604(d). *People v. Evans*, 2013 IL App (3d) 120355-U, ¶¶ 12, 15.

¶ 7        Trial counsel once again filed a new motion to reconsider sentence along with a new Rule 604(d) certificate. Once again, the trial court denied the motion and a notice of appeal was

filed. On appeal, the State confessed that the Rule 604(d) certificate was again noncompliant. On August 21, 2014, this court issued a summary order which again remanded the matter for compliance with Supreme Court Rule 604(d). A copy of this summary order (August 21 order) appears in the record and is file stamped August 25, 2014.

¶ 8    On August 27, 2014, the trial court addressed a member of the public defender's office in open court, informing her that the cause had been remanded for a Rule 604(d) certificate and asking her to inform defendant's trial counsel. The matter was set for hearing on September 10. Trial counsel appeared on that date, apologized to the court for the ongoing issues, and requested a September 25 date for a new motion to reconsider.

¶ 9    On September 25, 2014, counsel filed a new motion to reconsider sentence and a Rule 604(d) certificate. The trial court denied the motion and directed the clerk to file a notice of appeal and an order appointing OSAD to represent defendant.

¶ 10    On October 7, 2014, this court served OSAD with notice of the issuance of the mandate for the August 21 order. The circuit court received the mandate on October 9, and set the matter for a "[r]eturn of [m]andate" hearing. On October 16, the court ordered the clerk to file the mandate. This appeal follows.

¶ 11                                    ANALYSIS

¶ 12    On appeal, defendant argues that the trial court's most recent denial of his motion to reconsider sentence was void for lack of subject matter jurisdiction. Defendant contends that because the trial court had not filed the mandate received from this court when the trial court took action on his motion, the trial court had not yet been revested with jurisdiction over the case. We agree, and remand the matter for compliance with Supreme Court Rule 604(d) in accordance with our order of August 21, 2014.

¶ 13    The filing of a valid notice of appeal has two primary effects: it divests the lower court of jurisdiction, and appellate jurisdiction attaches *instanter*. *People v. Smith*, 228 Ill. 2d 95, 104 (2008); *People v. Stevenson*, 2011 IL App (1st) 093413, ¶ 43. On remand from the reviewing court, the trial court does not regain jurisdiction until it files the reviewing court's mandate. See *People v. Adams*, 36 Ill. 2d 492, 496 (1967) ("When the original mandate was recalled the case stood as if no mandate had been issued, and the trial court had no authority to proceed."); *People v. Farnsworth*, 31 Ill. App. 3d 771, 773 (1975) ("The trial court did not acquire jurisdiction for the new trial until the date the mandate of this court was filed in the trial court."); *People v. Abraham*, 324 Ill. App. 3d 26, 30 (2001) ("When a court of review issues a mandate, it vests a trial court with jurisdiction only to take action that conforms with the mandate."). Any actions taken by the lower court when it has no jurisdiction are null and void. *Stevenson*, 2011 IL App (1st) 093413, ¶ 43.

¶ 14    In the present case, the entirety of the trial court's proceedings upon receipt of our August 21 order occurred prior to the October 16 filing of the mandate. The trial court informed the public defender's office of the remand, trial counsel filed a new motion to reconsider sentence, and the trial court denied that motion and ordered the filing of a new notice of appeal all before jurisdiction had been revested in the trial court. Because the trial court acted without jurisdiction, we find those proceedings to be null and void.

¶ 15    The State does not dispute that the trial court lacked jurisdiction prior to the filing of the mandate, but argues that, under the doctrine of invited error, defendant "cannot request at trial

to proceed one way and then claim on appeal that was error." However, it is axiomatic that the lack of subject matter jurisdiction is not subject to waiver and may not be cured through consent of the parties. *E.g.*, *People v. Bannister*, 236 Ill. 2d 1, 23 (2009). Indeed, in this context, " '[t]he parties cannot, by agreement, acquiescence, or otherwise, revest jurisdiction in the trial court when jurisdiction lies in the appellate court.' " *Stevenson*, 2011 IL App (1st) 093413, ¶ 43 (quoting *People v. Henry*, 329 Ill. App. 3d 397, 403 (2001)).

¶ 16    The State also argues that, in the interest of judicial economy, this court should refuse to remand the present matter for a fourth time. The State cites extensively to *People v. Shirley*, 181 Ill. 2d 359 (1998), in which our supreme court refused to remand a case based on trial counsel's failure to file a Rule 604(d) certificate where remand would provide the defendant with his third hearing on his excessive sentence claim. The court found that "requiring another remand and hearing on the motion to reduce sentences would be an empty and wasteful formality." *Id*. at 370. The State points out that remand here would provide defendant with his fifth hearing on his motion to reconsider sentence.

¶ 17    In *Shirley*, however, the supreme court acted within its discretion in not remanding for Rule 604(d) compliance. We have no such discretion at our disposal in the case at hand. The trial court here was without jurisdiction prior to the October 16 filing of the mandate. Any order entered by the trial court before that date is void and vacated. We therefore must remand the matter so the trial court may comply with the mandate of our order of August 21, 2014.

¶ 18                                    CONCLUSION

¶ 19    The judgment of the circuit court of Will County is vacated and the cause is remanded with instructions.

¶ 20    Vacated; remanded with instructions.