# Illinois Official Reports

## Appellate Court

---

### *People v. McCray*, 2016 IL App (3d) 140554

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CALVIN J. McCRAY, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-14-0554 |
| Filed | September 27, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 13-CF-835; the Hon. F. Michael Meersman, Judge, presiding. |
| Judgment | Vacated in part.<br>Cause remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier and Editha Rosario-Moore, both of State Appellate Defender's Office, for appellant.<br><br>John L. McGehee, State's Attorney, of Rock Island (Dawn D. Duffy, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Justices Carter and Holdridge concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Calvin J. McCray, argues on appeal that his $250 DNA analysis fee and his $2000 drug assessment should be vacated. We vacate both assessments. Pursuant to the State's confession of error, we remand the matter with directions for the trial court to apply a presentence incarceration credit against defendant's fines and modify the judgment order to conform with the trial court's oral pronouncement that defendant was guilty of the lesser-included offense of unlawful possession of heroin rather than the charged offense of unlawful possession of heroin with intent to deliver.

¶ 2                                           FACTS

¶ 3    Defendant was charged with unlawful possession of heroin with intent to deliver (720 ILCS 570/401(a)(1)(A) (West 2012)) and unlawful possession of cannabis with intent to deliver (720 ILCS 550/5(d) (West 2012)). A bench trial was held.

¶ 4    Following the trial, the court found defendant guilty of unlawful possession of cannabis with intent to deliver. With regard to the charge of unlawful possession of heroin with intent to deliver, the trial court found defendant guilty of the lesser-included offense of unlawful possession of heroin (720 ILCS 570/402(a)(1)(A) (West 2012)). The trial court reasoned: "I don't think for one minute you were going to sell it."

¶ 5    A presentence investigation report was prepared. The report showed defendant had several prior felony convictions, including a 2006 conviction from Cook County for unlawful delivery of a controlled substance. One of the State's trial exhibits included documentation showing that defendant was ordered to pay a DNA analysis fee in the 2006 Cook County case.

¶ 6    On July 2, 2014, the trial court sentenced defendant to six years' imprisonment on each count. The trial court also stated, "[A]ll the moneys owed are reduced to judgment. I don't show anything else in here he owes any other money on anything, but any money in this county is all reduced to judgment." The docket sheet indicated that the trial court ordered "costs to be reduced to judgment." Defendant filed a notice of appeal on July 8, 2014, and filed an amended notice of appeal on July 16, 2014.

¶ 7    On July 17, 2014, the trial court filed a written judgment which stated that defendant was convicted of unlawful possession of cannabis with intent to deliver (720 ILCS 550/5(d) (West 2012)) and unlawful possession of heroin with intent to deliver (720 ILCS 570/401(a)(1)(A) (West 2012)). The written judgment also ordered:

    "[S]pecimens of the defendant's blood, saliva, or other tissue, as directed by the Illinois State Police, shall be collected within 45 days at a place and time designated by the Illinois State Police for genetic marker analysis pursuant to 730 ILCS 5/5-4-3(b) (unless a DNA specimen has been previously provided). The defendant shall pay an analysis fee of $250.00, unless the defendant has previously provided DNA."

¶ 8    The trial court also ordered that defendant pay a drug assessment in the amount of $2000 and the costs of prosecution. A document bearing the seal of the circuit clerk stated that a judgment was entered against defendant in the amount of $2912.

¶ 9                                              ANALYSIS

¶ 10       On appeal, defendant argues that (1) the judgment order should be corrected to conform to the trial court's oral pronouncement that defendant was guilty of the lesser-included offense of unlawful possession of heroin, (2) defendant should receive a $5-per-day presentence incarceration credit against all applicable fines, (3) the $250 DNA analysis fee should be vacated, and (4) the $2000 drug assessment ordered in the trial court's written judgment order should be vacated.

¶ 11                                        I. Conceded Issues
¶ 12                                 A. Correction of Judgment Order

¶ 13       Defendant argues that the judgment order should be corrected to conform to the trial court's oral pronouncement that defendant was guilty of the lesser-included offense of unlawful possession of heroin rather than the charged offense of unlawful possession of heroin with intent to deliver. The State concedes that the judgment order should be corrected in this manner. After considering defendant's argument and reviewing the record, we accept the State's concession of error. Therefore, we remand this matter to the trial court with directions to correct the judgment order to reflect the court's oral pronouncement that defendant was guilty of the lesser-included offense of unlawful possession of heroin (720 ILCS 570/402(a)(1)(A) (West 2012)).

¶ 14                             B. Presentence Incarceration Credit

¶ 15       Defendant also argues that he is entitled to a $5-per-day credit against applicable fines for the 290 days he spent in custody prior to sentencing, or $1450. The State concedes that defendant is entitled to such a credit. After considering defendant's arguments and reviewing the record, we accept the State's concession of error. Therefore, we find defendant is entitled to a presentence incarceration credit in the amount of $1450, and we remand for application of the credit.

¶ 16                                      II. DNA Analysis Fee

¶ 17       Defendant also contends that the DNA analysis fee should be vacated because defendant was previously ordered to pay a DNA fee. Section 5-4-3 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4-3 (West 2012)) provides that defendants convicted of felonies must submit DNA specimens and pay a DNA analysis fee in the amount of $250 upon conviction. In *People v. Marshall*, 242 Ill. 2d 285, 303 (2011), our supreme court held that section 5-4-3 of the Code "authorizes a trial court to order the taking, analysis and indexing of a qualifying offender's DNA, and the payment of the analysis fee only where that defendant is not currently registered in the DNA database."

¶ 18       Here, the record showed that a DNA analysis fee had been assessed against defendant following a felony conviction in a prior case. Accordingly, we find that the DNA analysis fee imposed in this case was unauthorized under our supreme court's holding in *Marshall*. *Id.*; see also *People v. Warren*, 2016 IL App (4th) 120721-B, ¶¶ 151-53. Therefore, we vacate the DNA analysis fee.

¶ 19       In reaching our finding, we reject the State's contention that the propriety of the analysis fee in the instant case is contingent upon whether defendant actually paid the DNA analysis fee

when he was ordered to do so in his prior case. Even if defendant has not yet paid the analysis fee in his prior case, he still owes it.

¶ 20     We also reject the State's argument that defendant's claim is barred by our supreme court's ruling in *People v. Castleberry*, 2015 IL 116916, ¶ 19, abolishing the void sentence rule. The DNA analysis fee is a fee rather than a fine. *People v. Guadarrama*, 2011 IL App (2d) 100072, ¶ 13. Therefore, it is not part of the criminal sentence but rather is a collateral consequence of conviction. *People v. Tolliver*, 363 Ill. App. 3d 94, 97 (2006) ("[A] 'fee' is a charge for labor or services, and is a collateral consequence of the conviction which is not punitive, but instead, compensatory in nature."). Because the DNA analysis fee was not a part of the sentence and therefore never subject to the void sentence rule, the abolition of the void sentence rule in *Castleberry* has no effect on the fee.

¶ 21                              III. $2000 Drug Assessment

¶ 22     Defendant argues that the written judgment order modified defendant's sentence by adding a $2000 drug assessment. Defendant contends that the written order was void because it was entered without jurisdiction after defendant filed the notice of appeal.

¶ 23     "When the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter*, and the cause is beyond the jurisdiction of the trial court." *People v. Bounds*, 182 Ill. 2d 1, 3 (1998). After the filing of the notice of appeal, "the trial court may not enter an order that would modify the order or judgment being appealed or have the effect of interfering with the appellate court's review of it." *People v. Kolzow*, 332 Ill. App. 3d 457, 459 (2002).

¶ 24     At the outset, we hold that the written order itself was not void. The entry of a written judgment order is a "ministerial act" that is "merely evidence of the sentence." *People v. Bender*, 226 Ill. App. 3d 940, 942 (1992). It is the oral pronouncement of sentence that is "the judicial act which comprises the judgment of the court." *Id.* The trial court had jurisdiction to complete the ministerial act of filing a written judgment order even though a notice of appeal had been filed. See *People v. Glenn*, 25 Ill. 2d 82, 85 (1962) ("Although a court may lose jurisdiction of a case, it does not lose jurisdiction over its own records, and the fact that an appeal has been taken does not deprive the lower court of the power to correct its record.").

¶ 25     While the trial court had jurisdiction to enter a written judgment order reflecting the pronounced sentence, it did not have jurisdiction to modify its pronouncement after the filing of defendant's notice of appeal. See *Kolzow*, 332 Ill. App. 3d at 459. Here, defendant filed his notice of appeal on July 8, 2014. This filing divested the trial court of jurisdiction, except to perform ministerial functions—such as the entry of a written order reflecting the previously pronounced sentence. The fatal jurisdictional flaw with regard to the $2000 drug assessment—which was entered on July 17, 2014—is that it was not imposed or even referenced during the trial court's oral pronouncement. Stated another way, the trial court did not impose fines generally or a drug assessment specifically during its oral pronouncement. Instead the trial court ordered only "costs." The drug assessment is a fine, not a cost. See *People v. Jones*, 223 Ill. 2d 569, 588 (2006). " 'A "fine" is a pecuniary punishment imposed as part of a sentence on a person convicted of a criminal offense.' " *Id.* at 581 (quoting *People v. White*, 333 Ill. App. 3d 777, 781 (2002) and citing *People v. Despenza*, 318 Ill. App. 3d 1155, 1157 (2001)). Accordingly, the trial court's imposition of the $2000 drug assessment fine after the filing of the notice of appeal constitutes an improper modification of defendant's sentence.

¶ 26                                          CONCLUSION

¶ 27        The $250 DNA analysis fee and the $2000 drug assessment are vacated. We remand the matter to the trial court with directions to correct the judgment order to reflect that defendant was convicted of the lesser-included offense of unlawful possession of heroin (720 ILCS 570/402(a)(1)(A) (West 2012)) and apply the presentence incarceration credit, which totals $1450, against any applicable fines.

¶ 28        Vacated in part.

¶ 29        Cause remanded with directions.