**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180284-U

Order filed February 5, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0284 Circuit No. 16-CF-780 |
| | ) | |
| LOVELEE A. WALKER JR., | ) ) | Honorable Edward A. Burmila Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Carter and Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   Matter is remanded for compliance with Illinois Supreme Court Rule 604(d).

¶ 2     Defendant, Lovelee A. Walker Jr., appeals from the Will County circuit court's denial of his *pro se* motion to withdraw his guilty plea, which was refiled following this court's remand for compliance with Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016). He argues that the circuit court deprived him of his right to counsel under that rule when it implicitly allowed postplea

counsel to withdraw without filing any motions on remand. We remand the matter for compliance with Rule 604(d).

¶ 3                                                    I. BACKGROUND

¶ 4        The State charged defendant with two counts of aggravated battery (720 ILCS 5/12-3.05(d)(2) (West 2016)), and one count each of aggravated battery to a child (*id.* § 12-3.05(b)(2)), misdemeanor criminal trespass to residence (*id.* § 19-4(a)(1)), and misdemeanor domestic battery (*id.* § 12-3.2(a)(1)). On July 25, 2016, pursuant to a plea agreement, the State filed an information charging defendant with a Class 4 felony variety of criminal trespass to residence (*id.* § 19-4(a)(2)) and the same misdemeanor battery charge. Defendant pled guilty to those charges, while the others were dropped. The plea agreement did not include a recommended sentence. The court sentenced defendant to a term of 66 months' imprisonment on the felony conviction and 127 days in jail on the misdemeanor conviction.

¶ 5        On February 9, 2017, two days after sentencing, defendant filed a *pro se* motion to withdraw his guilty plea. In his motion, defendant alleged that plea counsel failed to advise him of the serious consequences of the plea. Defendant further claimed that he was innocent of the offenses.

¶ 6        The circuit court appointed an assistant public defender to defendant's case. Postplea counsel subsequently informed the court that, after reviewing the transcripts from the case, he could not adopt defendant's motion to withdraw the plea. The court later asked defendant if he wished to proceed *pro se* on his motion. The following colloquy ensued:

               "THE DEFENDANT: [Postplea counsel] said he's not going to be my attorney, so I guess I don't have no other choice.

THE COURT: No, he did not say that he wasn't going to be your attorney. He said he wasn't going to adopt your motion.

THE DEFENDANT: To me when we sat on the side over there that's what it seemed like to me.

THE COURT: Okay. Well, that's not what he is saying. He is not withdrawing. He is saying he's not going to adopt your motion because he doesn't think that it's legally sufficient.

THE DEFENDANT: Okay. Well, he didn't advise me further from that point then.

THE COURT: Well, he didn't ask you any more questions or meet with you because you said you were going to decide whether you wanted to represent yourself on this motion because he doesn't want to go through with it. He thinks its legally insufficient. Do you want to talk to him now or what?

THE DEFENDANT: We can. We can."

After conferring with defendant, postplea counsel informed the court that defendant wished to withdraw his *pro se* motion. Counsel announced that he would be filing a motion to reconsider sentence.

¶ 7        Postplea counsel filed the motion to reconsider sentence on June 27, 2017. The circuit court denied the motion.

¶ 8        On appeal, defendant moved for a summary remand, pointing out that postplea counsel had failed to file the certificate required by Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016). On December 11, 2017, this court entered an order allowing defendant's motion. *People v. Walker*, No. 3-17-0611 (2017) (unpublished minute order). The order stated:

3

"The appellant's motion to remand this cause to the circuit court for further post-plea proceedings, including the filing of a new post-plea motion, the filing of a Rule 604(d) certificate, and a *de novo* hearing on the post-plea motion is ALLOWED. The court notes that under *People v. Porter* (1994), 258 Ill. App. 3d 200, 630 N.E.2d 1350, all prior proceedings on the post-plea motion are a nullity. Accordingly, defense counsel and the trial court must start anew and strictly comply with the requirements of Supreme Court Rule 604(d)."

¶ 9 The parties next appeared in the circuit court on January 17, 2018. Postplea counsel filed a Rule 604(d) certificate in which he averred, *inter alia*, that he had "made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." As postplea counsel announced his filing to the court, defendant interjected, insisting that "That is not what the Appellate Court sent me."

¶ 10 After conferring with defendant, postplea counsel stated that defendant wished to refile his motion to withdraw his guilty plea. The court reviewed the record in the case, then asked: "[A]ny additional argument on the motion to reconsider?" Postplea counsel declined, and the court stated: "I will stand on the reasons that are previously mentioned. It is denied once more."

¶ 11 On February 1, 2018, this court's mandate was filed in the circuit court. The parties appeared in court once more on March 23, 2018. Postplea counsel acknowledged that the January 17 proceedings had been premature in that they occurred prior to the issuance of this court's mandate. Postplea counsel refiled his Rule 604(d) certificate. When the court inquired whether there was anything else to address, postplea counsel responded: "I think that's all." Again defendant interjected, asserting that further proceedings were, in fact, required. Postplea counsel

4

consulted with defendant, then announced that defendant wished to refile his motion to withdraw his guilty plea.

¶ 12 Defendant filed a new *pro se* motion to withdraw his guilty plea on April 18, 2018. That motion adopted in full his earlier motion to withdraw. When defendant appeared in court on that motion, postplea counsel was not present. A different attorney from the public defender's office informed the court that postplea counsel "didn't believe that he was any longer in." The court did not inquire further, and, at a later date, allowed defendant to argue his motion *pro se*. The court denied defendant's motion to withdraw his plea.

¶ 13                                                    II. ANALYSIS

¶ 14 On appeal, defendant argues that he was deprived of his right to counsel provided by Rule 604(d) when he was forced to proceed *pro se* on his motion to withdraw his plea. He requests that this court remand the matter for the appointment of counsel to represent him on that motion.

¶ 15                                                    A. Jurisdiction

¶ 16 The State argues that the present appeal should be dismissed because a motion to reconsider sentence remains pending before the circuit court. The State correctly points out that the circuit court's January 17, 2018, denial of the motion to reconsider sentence was a nullity because it occurred before that court attained jurisdiction via this court's mandate. As the court did not subsequently deny the motion to reconsider *after* the mandate was filed, the State maintains that that motion remains pending. Under Supreme Court Rule 606, a notice of appeal filed while a postjudgment motion remains pending is ineffective, and without a proper notice of appeal, this court lacks jurisdiction. Ill. S. Ct. R. 606(a), (b) (eff. July 1, 2017); *People v. Williams*, 318 Ill. App. 3d 1164, 1166 (2001) (dismissal of appeal required where postjudgment motion remains pending in circuit court).

¶ 17      We find that we have jurisdiction over the present appeal because no postjudgment motion is currently pending in the circuit court. In our order of December 11, 2017, this court remanded defendant's case for strict compliance with Rule 604(d). Within that order, we instructed both counsel and the court to "start anew" as instructed by *People v. Porter*, 258 Ill. App. 3d 200 (1994). The order states that one of the requirements on remand was "the filing of a *new* post-plea motion." (Emphasis added). While postplea counsel originally filed a motion to reconsider sentence on June 27, 2017, that motion, as well as the proceedings on the motion, were a nullity due to the lack of Rule 604(d) certificate.

¶ 18      Accordingly, when the matter was remanded following defendant's first appeal, no pending postplea motion existed. After remand, postplea counsel never filed such a motion. Even if the January 17, 2018, references to a motion to reconsider sentence could be characterized as an oral motion to reconsider, the entirety of the proceedings on that date were also a nullity, because the circuit court lacked jurisdiction over the matter prior to the filing of this court's mandate. *People v. Evans*, 2015 IL App (3d) 140753, ¶ 13. When the parties reconvened after the mandate was filed, counsel merely filed a new Rule 604(d) certificate and did not even reference a motion.

¶ 19      In summary, no postjudgment motion is currently pending in the circuit court. Legally, no motion to reconsider sentence has ever been filed, and defendant's *pro se* motion to withdraw his guilty plea was ruled upon. It follows that defendant's notice of appeal is effective, vesting this court with jurisdiction to consider his appeal. See Ill. S. Ct. R. 606(a), (b) (eff. July 1, 2017).

¶ 20                                  B. Compliance with Rule 604(d)

¶ 21      Rule 604(d) provides that the circuit court must appoint counsel when a *pro se* defendant makes a postplea motion to reconsider sentence or withdraw plea. Ill. S. Ct. R. 604(d) (eff. Mar.

8, 2016). The rule further mandates that appointed counsel file a certificate in the circuit court, stating that counsel

> "has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

Implicit in the certification requirement is counsel's obligation to actually perform the required tasks: consulting with the defendant, reviewing the relevant materials, and making any amendments to the motion necessary for presentation of defendant's claims. See *People v. Love*, 385 Ill. App. 3d 736, 738 (2008) ("[T]he certificate requirement is designed to supply proof of actual compliance with the rule.").

¶ 22    In our original order, we remanded the matter for compliance with Rule 604(d), including the filing of a new postplea motion and the proper certificate. As explained above, any proceedings on that order that took place prior to the issuance of our mandate are void for lack of jurisdiction in the circuit court. *Evans*, 2015 IL App (3d) 140753, ¶ 13. On March 23, 2018, after this court's mandate was filed and the circuit court reacquired jurisdiction, postplea counsel filed a facially compliant Rule 604(d) certificate. He did not, however, file an accompanying postplea motion, despite averring in his certificate that he had made necessary amendments to defendant's motion.

¶ 23    As neither Rule 604(d) nor this court's prior mandate has been complied with, we are compelled to remand the matter once more. *Love*, 385 Ill. App. 3d at 739 ("Where, as here, the record impeaches the Rule 604(d) certificate, a remand for further proceedings is necessary."). We

therefore remand the matter for (1) the filing of a new postplea motion to be accompanied by a compliant Rule 604(d) certificate, and (2) a *de novo* hearing on that motion.[1]

¶ 24   Finally, because the issue is likely to recur on remand, we address defendant's stated desire to file a motion to withdraw his guilty plea. First, we are cognizant of the well-settled proposition that appointed counsel, in no circumstances, is obligated to advance frivolous or spurious claims on a defendant's behalf. See *McCoy v. Court of Appeals of Wisconsin, District 1*, 486 U.S. 429, 435-36 (1988); *People v. Greer*, 212 Ill. 2d 192, 205 (2004); Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018). However, the operative question for appointed postplea counsel should not be whether he can adopt defendant's *pro se* motion as filed. Rather, under Rule 604(d), counsel must consider whether any possible amendment can be made to that motion that would result in adequate presentation of a nonfrivolous argument in favor of withdrawing the plea. Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016). If postplea counsel determines that such amendment is impossible, and defendant wishes to proceed *pro se* on his motion to withdraw plea, appointed counsel must first formally withdraw from representation. *E.g.*, *People v. Stevenson*, 2011 IL App (1st) 093413, ¶ 30 (defendant not entitled to hybrid representation).

¶ 25                                III. CONCLUSION

¶ 26   The matter is remanded to the circuit court of Will County for compliance with Illinois Supreme Court Rule 604(d).

¶ 27   Matter remanded.

---

[1]Even if the circuit court had jurisdiction on January 17, 2018, we would find those proceedings nevertheless deficient. The court's summary denial of defendant's motion to reconsider sentence for "the reasons that are previously mentioned" did not amount to a "*de novo* hearing," which this court ordered.