2026 IL App (1st) 240354-U

No. 1-24-0354

First Division
March 30, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Respondent-Appellee, | ) ) | |
| v. | ) ) | No. 19 CR 03830 |
| FLOYD JORDAN, | ) ) ) | Honorable Ursula Walowski |
| Petitioner-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's order granting petitioner leave to file an amended postconviction petition is vacated where the court lacked jurisdiction. The court's order dismissing that amended petition is also vacated.

¶ 2    Petitioner Floyd Jordan appeals from an order of the circuit court dismissing his amended petition for postconviction relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)). Petitioner argues that his private postconviction counsel provided unreasonable assistance by failing to support the amended petition with sufficient evidence, argument, and legal

authority. For the reasons that follow, we find that the circuit court's order granting petitioner leave to file the amended petition is void for lack of jurisdiction. Consequently, the amended petition was improperly filed without leave, and the court's subsequent order dismissing that amended petition is also vacated.

¶ 3                                     I. BACKGROUND

¶ 4    A full recitation of the facts underlying petitioner's conviction can be found in this court's order affirming the conviction on direct appeal. *People v. Jordan*, 2022 IL App (1st) 210314-U. As those facts are not in dispute here, we will briefly describe them only to the extent relevant to the issues raised on appeal.

¶ 5    On March 1, 2019, petitioner was stopped by a Chicago police officer who was responding to a "shot spotter" report in the area. Petitioner fled from the officer, and, during the ensuing foot chase, the officer observed petitioner pull a gun from his waistband and toss it aside. After petitioner was detained, the officer backtracked and recovered a loaded pistol about 15 feet away from where petitioner was detained.

¶ 6    Based on his criminal history, petitioner was charged with being an armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2018)). At petitioner's bench trial, the State presented the testimony of the officer as well as footage and stills from the officer's body worn camera. To establish the predicate felonies for the AHC charge, the State also entered certified copies of two convictions it attributed to petitioner. The first conviction was for the manufacture and delivery of a controlled substance in case number 00-CR-15878-01 against a "Manny Winters." The second was for the manufacture and delivery of cocaine in case number 00-CR-11405-01 against a "Freemon Jordan." Petitioner stipulated at trial that these were both "his convictions." The defense rested without presenting any evidence. The trial court found petitioner guilty of AHC.

¶ 7    At the sentencing hearing, the State offered in aggravation that petitioner had two other drug-related felony convictions aside from the ones presented at trial. Petitioner had also been convicted in Indiana of attempting to murder a police officer after he fired six shots at an officer during a foot chase.

¶ 8    This criminal history was also reflected in petitioner's presentence investigation report (PSI). Petitioner's counsel confirmed that he reviewed the PSI with petitioner and requested no corrections, stating, "For the most part, it's accurate." The PSI also listed petitioner's date of birth as January 24, 1982, meaning that he was 18 years old when the predicate felonies were committed in April and May of 2000, respectively. This same birthdate also appears on the indictment return sheet, the arrest report, and Pretrial Services' public safety assessment.

¶ 9    In mitigation, the defense emphasized that petitioner had a difficult upbringing and had not had any legal trouble in the many years since he was released from prison for the attempted murder. Petitioner was employed at a barbershop and helped guide the youths who hung around the shop.

¶ 10    The trial court acknowledged petitioner's criminal history but found that he had demonstrated rehabilitative potential. Ultimately, the court sentenced petitioner to seven years in prison for AHC.

¶ 11    On direct appeal, petitioner argued only that the State failed to prove that he possessed the recovered gun. *Jordan*, 2022 IL App (1st) 210314-U, ¶ 11. In particular, petitioner contended that the officer's testimony was " 'contrary to human experience,' " contradicted by the body worn camera footage, and not supported by corroborating forensic evidence. *Id.* Petitioner did not challenge the predicate convictions underlying the AHC charge. *Id.* This court affirmed petitioner's conviction, concluding that a rational trier of fact could have found that he possessed the gun beyond a reasonable doubt. *Id.* ¶ 21.

¶ 12 On August 8, 2022, petitioner filed a *pro se* postconviction petition arguing that his trial counsel was ineffective for failing to quash his arrest and suppress evidence. Petitioner also alleged an unspecified "S.A.F.E.-T. Act violation." The circuit court summarily dismissed the *pro se* petition on September 19, 2022.

¶ 13 On October 13, 2022, petitioner mailed a notice of appeal from prison. The clerk of the circuit court received the notice on October 31, 2022, and filed it the same day.

¶ 14 Petitioner also hired private counsel around this time. On October 31, 2022, postconviction counsel motioned in the circuit court for leave to enter his appearance and amend the *pro se* petition. On November 21, 2022, postconviction counsel filed his appearance and a notice for his motion to amend the *pro se* petition. The notice states that the motion was to be heard on November 30, 2022. However, it appears no hearing was held that day. According to the case summary sheet, the case was "off call" at that time.

¶ 15 On April 7, 2023, petitioner filed a motion in this court to voluntarily withdraw his appeal of the summary dismissal of his *pro se* petition. We granted the motion on April 11, 2023. However, the mandate was not issued and filed in the circuit court until May 26, 2023.

¶ 16 On April 19, 2023, before the issuance and filing of the mandate, postconviction counsel re-filed his motion for leave to appear and to amend the *pro se* petition. On April 26, 2023, also before the mandate dismissing the appeal was issued and filed, the circuit court granted petitioner leave to file an amended petition with the aid of postconviction counsel.

¶ 17 On August 2, 2023, petitioner filed an "Amended Post-Conviction Petition." The amended petition abandoned the claims raised in the initial *pro se* petition and instead argued that petitioner's AHC conviction could not stand because the State failed to prove that he was convicted of two predicate felonies. First, petitioner argued that he was not the "Freemon Jordan" convicted

in case number 00-CR-11405-01. Petitioner noted that his individual record (IR) number, which is "derived from the specific and particularly individualized fingerprints" of each defendant, is different from the one listed for Freemon Jordan in the case file. Second, petitioner argued that, even if he were the defendant in the predicate convictions used by State, the birthdates listed on the arrest reports and the "criminal file from the Clerk of the Circuit Court" show that he was just 17 years old at the time of those offenses. Citing *People v. Gray*, 2021 IL App (1st) 191086, petitioner argued that felony convictions which would now be treated as juvenile matters cannot support an AHC conviction.[1]

¶ 18    Attached to the amended petition was an affidavit in which petitioner averred that he informed his private trial counsel, Richard Fenbert, that the predicate felonies "were not able to be used against [him] because [he] was a juvenile at the time and because [he] was not convicted of both charges." Petitioner directed Fenbert to file a motion challenging the predicates on this basis, but Fenbert refused to do so. Petitioner also instructed Fenbert to raise the same argument on direct appeal, but Fenbert again refused.

¶ 19    The circuit court next held a hearing on September 28, 2023. On that date, the State argued that petitioner's filing "would be more properly a supplemental PC" because petitioner's *pro se* petition had been dismissed and taken off call. The court dismissed the State's position as "incorrect" and ordered it to respond to the amended petition. The assistant state's attorney (ASA) again resisted, stating that she would "need to get the transcripts because in Odyssey it shows that

---

[1] *Gray* was pending appeal to the Illinois Supreme Court at the time petitioner filed his amended petition. Our supreme court subsequently reversed *Gray*, ruling that the defendant (1) waived his challenge by stipulating that he had two or more predicate convictions at trial and (2) could not establish the prejudice necessary for a claim of ineffective assistance of counsel where he had been convicted of qualifying offenses other than those committed when he was 17. *People v. Gray*, 2024 IL 127815, ¶¶ 26, 32.

the PC has been dismissed." The court handed the ASA a copy of the amended petition and insisted that she "[r]ead this and respond in a month."

¶ 20    The State filed a motion to dismiss the amended petition on November 7, 2023, arguing that Fenbert did not provide ineffective assistance because any challenge to the predicate felonies underlying the AHC charge would have been baseless. The State pointed out that the trial record showed that "Manny Winters" and "Freeman Jordan" were two of petitioner's known aliases. Petitioner also requested no corrections to the PSI, which reflected the two convictions relied upon by the State. Additionally, the State contended that the record showed petitioner was 18 at the time of both predicate felonies based on a birth date of January 24, 1982. The State also submitted that the predicates would still be valid even if petitioner were 17 at the time, as there was a "split in the First District" caselaw as to whether convictions that now might have been juvenile adjudications could support an AHC conviction.

¶ 21    At the hearing on the motion, postconviction counsel maintained that the different IR numbers and demographic information "from the case file" showed that petitioner was not the defendant in the predicate felonies and that, in any event, he would have been 17 at the time of those offenses. The court rejected petitioner's argument, stating that "it fails completely." The court opined that petitioner had "not presented anything to show that those two convictions are not [his]." Consequently, the court issued an oral ruling that, "Motion to dismiss is granted. Previous order to stand."

¶ 22    This appeal followed.

¶ 23                                II. ANALYSIS

¶ 24    On appeal, petitioner argues that postconviction counsel provided unreasonable assistance by failing to adequately support the amended petition. More specifically, petitioner contends that

postconviction counsel should have attached court documents showing that he and the defendant in case number 00-CR-11405-01 (Freemon Jordan) had different IR, SID, and FBI numbers. Petitioner also submits that postconviction counsel should have provided legal authority to show that "these differences mattered," namely that the numbers are based on fingerprints and thus unique to an individual. Petitioner raises no challenge regarding the conviction against "Manny Winters" in case number 00-CR-15878-01.

¶ 25    Before we can consider that claim, however, we must first address the State's argument that the circuit court lacked jurisdiction to enter the April 26, 2023, order granting petitioner leave to file the amended petition in the first place. According to the State, this lack of jurisdiction rendered the April 26 order void and the amended petition "a legal nullity," meaning that "nothing related to it or its merits may be reviewed on appeal."

¶ 26    This court always has an independent duty to consider issues of jurisdiction, both its own and that of the circuit court. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). Whether a court has jurisdiction presents a question of law subject to *de novo* review. *People v. Marker*, 233 Ill. 2d 158, 162 (2009).

¶ 27    The timely filing of a notice of appeal is the only jurisdictional step required to convey jurisdiction to the appellate court. *People v. Abdullah*, 2019 IL 123492, ¶ 21. " '[W]hen the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter*, and the cause is beyond the jurisdiction of the trial court.' " *Id.* (quoting *People v. Bounds*, 182 Ill. 2d 1, 3 (1998)). The filing of a notice of appeal divests the circuit court of jurisdiction to enter any order involving a matter of substance in the case. *People v. Rivera*, 2024 IL App (1st) 240520, ¶ 19. During the pendency of an appeal, the circuit court may not enter any order that would modify the order or judgment being appealed, or that would have the effect of interfering with the appellate court's review.

*People v. McCray*, 2016 IL App (3d) 140554, ¶ 23. Instead, " '[t]he only continuing power the [circuit] court possesse[s] over the case [is] limited to enforcement of the judgment or correction of clerical errors or matters of form so that the record conformed to the judgment actually entered.' " *People v. Scheurich*, 2019 IL App (4th) 160441, ¶ 17 (quoting *People v. Flowers*, 208 Ill. 2d 291, 306-07 (2003)). Importantly, "the trial court does not regain jurisdiction until it files the reviewing court's mandate." *People v. Evans*, 2015 IL App (3d) 140753, ¶ 13. Any order issued by the circuit court without jurisdiction is void. *People v. Chapman*, 2018 IL App (1st) 163045, ¶ 4.

¶ 28    In this case, it is undisputed that petitioner filed his notice of appeal for the summary dismissal of his *pro se* petition on October 13, 2022. See Ill. S. Ct. R. 373(b) (eff. July 1, 2017) (notice of appeal received more than 30 days after entry of the final judgment being appealed is deemed filed at the time of mailing). Although this court granted petitioner's motion to withdraw his appeal on April 11, 2023, the mandate was not filed in the circuit court until May 26, 2023. Thus, the circuit court lacked the jurisdiction to enter any substantive orders between October 13, 2022, and May 26, 2023. The circuit court's April 26, 2023, order granting petitioner leave to file his amended petition was clearly an order of substance, as it sought to modify the order that summarily dismissed the *pro se* petition. Petitioner does not argue otherwise. Consequently, the April 26 order is void. *Chapman*, 2018 IL App (1st) 163045, ¶ 4.

¶ 29    So, where does that leave us? Because we have determined that the April 26 order is void, we must also conclude that the amended petition was improperly filed without leave, and that the circuit court's order dismissing that amended petition is also void. As our jurisdiction is limited to vacating the circuit court's void orders (*People v. Shunick*, 2024 IL App 129244, ¶ 73), we cannot address the parties' arguments as to whether postconviction counsel rendered unreasonable

assistance. Yet petitioner laments that he "should not suffer losing a valid claim simply because the post-conviction court and his counsel got the procedure wrong." He asserts that it is unjust to punish him for the circuit court's failure to simply "wait[] a few more weeks" for the mandate to be filed before granting him leave to file the amended petition.

¶ 30    However, as the State points out, the circuit court could not have granted petitioner leave to file an amended petition on April 26, 2023, even if petitioner had never filed a notice of appeal. This is because the court's September 19, 2022, order summarily dismissing the *pro se* petition was a final judgment in the case. 725 ILCS 5/122-2.1(a)(2) (West 2022); *People v. White*, 2013 IL App (2d) 120205, ¶ 9. The circuit loses jurisdiction 30 days after the entry of a final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 8. Even assuming, *arguendo*, that the notice of appeal tolled this period until the appeal was withdrawn, the circuit court's April 26 order was still entered more than 30 days after its dismissal of the *pro se* petition.

¶ 31    Regardless, although the circuit court should freely grant leave to amend a *pro se* postconviction petition, it can do so only "as is generally provided in civil cases." 725 ILCS 5/122-5 (West 2022). Under the Code of Civil Procedure, amendment is allowed "[a]t any time before final judgment." 735 ILCS 5/2-616 (West 2022). Because the summary dismissal of a postconviction petition is a final judgment, "a defendant may not amend a postconviction petition following a first-stage dismissal[.]" *People v. Smith*, 2013 IL App (4th) 110220, ¶ 23.

¶ 32    In light of the foregoing, petitioner claims that "in the very least" the circuit court had jurisdiction to consider the "amended petition" as a successive petition. However, even if we characterize the amended petition as a successive petition, the record shows that petitioner was never granted leave to file a successive petition. In order to file a successive petition, the petitioner must obtain leave by establishing cause and prejudice for failing to raise the claims in the initial

petition. 725 ILCS 5/122-1(f) (West 2022); *People v. Smith*, 2014 IL 115946, ¶ 33. Alternatively, a petitioner may be granted leave to file a successive petition where he raises a colorable claim of actual innocence. *People v. Griffin*, 2024 IL 128587, ¶ 35. This is a different and much stricter standard than what is required for leave to amend the initial petition. See *People v. Currey*, 2024 IL App (2d) 230099, ¶ 14 (leave to amend an initial petition should be freely given). Indeed, petitioner concedes on appeal that "the post-conviction court never found that the amended petition met the cause and prejudice or actual innocence test. Nor did the amended petition even attempt to meet either test." Although petitioner argues that postconviction counsel was unreasonable for failing to establish cause and prejudice, he admits that the record clearly shows that the circuit court never considered or ruled on whether cause and prejudice existed. Under such circumstances, we cannot say that the court erred in denying petitioner leave to file a successive petition. Jurisdictional issues aside, the court did not "deny" leave to file a successive petition because the court was never asked to grant that kind of leave.

¶ 33 However, petitioner is not necessarily without recourse. We observe that a prisoner may attempt to establish the cause and prejudice required to file a successive petition at any time he remains incarcerated or on parole. 725 ILCS 5/122-1(f) (West 2020); see also *White*, 2013 IL App (2d) 120205, ¶ 10 (where the circuit court did not consider a motion filed after summary dismissal of the initial petition as a successive petition, the proper disposition was to treat the motion as a motion for leave to amend "without prejudice to [the] defendant's right to seek leave to file a successive petition"). We also note that, should he obtain leave of court, petitioner will have the opportunity to file a successive petition correcting the critical errors he alleges postconviction counsel made in the amended petition. Of course, we express no opinion as to whether petitioner

could establish cause and prejudice or present a meritorious claim if the amended petition is bolstered as he argues it should have been.

¶ 34                                    III. CONCLUSION

¶ 35    For the reasons stated, we vacate the circuit court's April 26, 2023, order granting petitioner leave to file an amended postconviction petition as well as the court's January 1, 2024, motion dismissing the amended petition. This ruling is without prejudice to petitioner's right to seek leave to file a successive postconviction petition.

¶ 36    Vacated.